United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-2854
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  District of South Dakota.
L.Z.,                               *
                                    *
          Appellant.                *

_____

Submitted:  February 11, 1997

Filed:  April 10, 1997
_____

Before MAGILL, BEAM, and LOKEN, Circuit Judges.
_____

MAGILL, Circuit Judge.


     L.Z., a sixteen-year-old member of the Yankton Sioux Tribe,
was convicted in the district court[1] of two counts of third degree
burglary on an Indian reservation, in violation of 18 U.S.C. § 1153
(1994).  On appeal, L.Z. contends that his conviction violates the
Double Jeopardy Clause of the Fifth Amendment.  We affirm.

_____

     [1]The Honorable Lawrence L. Piersol, United States District
Judge for the District of South Dakota.

## I.

In April and May of 1995, L.Z. committed a series of burglaries in and around Wagner, South Dakota. L.Z. pled guilty in South Dakota State Court to state criminal charges arising from the burglaries. On October 4, 1995, L.Z. was adjudged a delinquent child and sentenced to confinement in a juvenile facility until he turned twenty-one years of age.

Following L.Z.'s conviction in the South Dakota state court, the United States District Court for the District of South Dakota held that the Yankton Sioux Reservation had not been diminished. See Yankton Sioux Tribe v. Southern Mo. Waste Management Dist., 890 F. Supp. 878 (D.S.D. 1995), aff'd, 99 F.3d 1439 (8th Cir. 1996). Because all of L.Z.'s burglaries had been committed within the boundaries of the Yankton Sioux Reservation, and because L.Z. was an enrolled member of the tribe, the South Dakota state conviction was invalid. L.Z. was accordingly released from state custody on April 23, 1996, after having served seven months.

The United States Attorney's Office for the District of South Dakota brought federal charges against L.Z. for the same burglaries that he had been convicted of in state court. L.Z. entered a guilty plea conditioned on his right to bring this appeal and was sentenced to twenty months imprisonment.

## II.

L.Z. argues on appeal that his prosecution in federal court is prohibited by the Double Jeopardy Clause because he had been previously prosecuted for the same conduct in state court. We disagree.

-3-

Dual prosecutions by dual sovereigns for the same conduct does not usually constitute double jeopardy; as the United States

Supreme Court has stated, "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." United States v. Lanza, 260 U.S. 377, 382 (1922).

In United States v. Bartlett, 856 F.2d 1071 (8th Cir. 1988), we confronted a virtually identical situation as exists in the instant case. In Bartlett, a member of an Indian tribe was invalidly convicted in state court for crimes committed on an Indian reservation. Upon the defendant's release from state custody, the federal government prosecuted him for the same conduct that had resulted in his state conviction. In denying the defendant's double jeopardy claim, we stated that:

> It is well settled that a state prosecution is no bar to a subsequent federal prosecution absent a showing that one sovereign was acting as merely a tool of the other in order to avoid the prohibition against double jeopardy.

Id. at 1074 (quotations and citations omitted). See also United States v. Garner, 32 F.3d 1305, 1310 (8th Cir. 1994) ("It is well settled that the double jeopardy clause does not bar a federal prosecution of a defendant who had been prosecuted for the same acts in state court."), cert. denied, 115 S. Ct. 1366 (1995). Only in circumstances where a "state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution," do dual prosecutions by dual sovereigns constitute double jeopardy. Bartkus v. Illinois, 359 U.S. 121, 124 (1959).

There is no credible evidence that the State of South Dakota was acting as a mere tool for the federal government when it prosecuted L.Z. for burglary. Rather, South Dakota was acting on long-established South Dakota Supreme Court precedent that the

-5-

Yankton Sioux Reservation had been diminished and that the state had jurisdiction over nontribal lands.  See, e.g., State v.

<u>Thompson</u>, 355 N.W.2d 349, 351 (S.D. 1984); <u>State v. Winckler</u>, 260 N.W.2d 356, 360-61 (S.D. 1977); <u>State v. Williamson</u>, 211 N.W.2d 182, 183-84 (S.D. 1973); <u>Wood v. Jameson</u>, 130 N.W.2d 95, 99 (S.D. 1964). That South Dakota did not, in fact, have jurisdiction over L.Z.'s crimes does not render its efforts to prosecute him a "sham."

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution does not bar the federal government's prosecution of L.Z. for the burglaries he committed on the Yankton Sioux Reservation. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.