**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

Nos. 97-3660 and 97-4133

---

United States of America,          *
                                   *
          Appellee,                *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Eastern District of Missouri
Juan Ramon Velasquez and           *
Fidel Antonio Velasquez,           *
                                   *
          Appellants.              *

---

          Submitted:    March 13, 1998
          Filed:        April 21, 1998

---

Before FAGG, Circuit Judge; ROSS, Senior Circuit Judge; and EISELE,[1] Senior District Judge.

---

EISELE, Senior District Judge.


     Juan Ramon Velasquez and Fidel Antonio Velasquez, who are half brothers, were charged with one count of possessing with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1). Juan Velasquez pled guilty to the charge, and Fidel Velasquez was convicted after trial by jury. On appeal, Juan Velasquez contends that the district court[2] committed certain errors at sentencing, and Fidel Velasquez maintains that the district court made erroneous rulings at trial and sentencing. We affirm.

---

[1]The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

I.

On March 21, 1997, a federal grand jury returned a single-count indictment against Juan and Fidel Velasquez for possessing with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1). The district court scheduled a joint jury trial for June 23, 1997.

Juan Velasquez pled guilty to the indicted charge on June 19, 1997.

Fidel Velasquez proceeded to trial. At trial, Fidel Velasquez moved the district court to compel Juan Velasquez' testimony. Juan Velasquez asserted his Fifth Amendment privilege against self-incrimination, and the district court denied Fidel Velasquez' motion. Fidel Velasquez then asked the district court to continue his trial until after Juan Velasquez' sentencing and to compel Juan Velasquez' testimony then. The district court denied that motion as well. On June 24, 1997, after a two-day trial, a jury convicted Fidel Velasquez of the crime charged.

At sentencing, the district court refused to grant each defendant's request pursuant to § 3B1.2 of the United States Sentencing Guidelines for a two-point reduction in his sentencing level as a "minor participant" in the offense committed. The district court also rejected Juan Velasquez' argument that he was entitled to benefit from the "safety valve" of § 5C1.2 of the Guidelines. The district court sentenced Juan Velasquez to 135 months in prison and Fidel Velasquez to 195 months in prison.

II.

Fidel Velasquez argues that the district court erred in refusing to compel Juan Velasquez to testify at his trial over Juan Velasquez' assertion of his Fifth Amendment privilege against self-incrimination. In the alternative, Fidel Velasquez contends that the district court abused its discretion in declining to continue his trial until after Juan Velasquez' sentencing so that Juan Velasquez could testify. On both fronts, we disagree.

Juan Velasquez could have subjected himself to new criminal charges, not only for conspiracy to commit the charged offense but also for unrelated crimes, by testifying at Fidel Velasquez' trial. See Tr. Trans. at 6-7 (arguments of counsel for Government and counsel for Juan Velasquez), 17 (conclusions of district court). Moreover, he remained susceptible to state charges for the same acts to which he had pled guilty in federal court. See United States v. L.Z., 111 F.3d 78, 79 (8th Cir.

-2-

1997) (indicating that dual prosecutions by dual sovereigns are constitutional). Juan Velasquez' plea of guilty to a federal charge in Missouri did not waive his Fifth Amendment privilege as it relates to other charges. See United States v. Mejia-Uribe, 75 F.3d 395, 399 (8th Cir.), cert. denied, 117 S.Ct. 151 (1996). Thus, Juan Velasquez properly asserted the Fifth Amendment.[3]

It appears, then, that a genuine conflict arose between Fidel Velasquez' right to compulsory process and Juan Velasquez' privilege to be free of self-incrimination. We have not embraced the balancing test used by the District of Columbia Circuit Court of Appeals in United States v. Pardo, 636 F.2d 535, 544 (D.C. Cir. 1980), upon which Fidel Velasquez relies. Rather, it is well settled in our precedent that, in cases like the case at bar, the Sixth Amendment right of an accused to compulsory process gives way to the Fifth Amendment privilege of a potential witness to be free of self-incrimination. United States v. Habhab, 132 F.3d 410, 416 (8th Cir. 1997). Thus, the district court did not err in refusing to compel Juan Velasquez' testimony.

We reverse a district court's refusal to grant a continuance in a criminal case only where the district court abused its discretion and the movant was prejudiced thereby. United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir.), cert. denied, 117 S.Ct. 533 (1996). Because Juan Velasquez' testimony could have exposed him to additional criminal charges, the district court could not have made Juan Velasquez' testimony available simply by continuing Fidel Velasquez' trial beyond Juan Velasquez' sentencing hearing. Thus, we cannot say that the district court abused its considerable discretion by denying Fidel Velasquez' request for a continuance.

---

[3]In addition to the danger of new charges, Juan Velasquez' testimony could have adversely affected his position at sentencing by reflecting upon his role in the offense and his acceptance of responsibility. See Tr. Trans. at 7-8, 17. The other circuit courts of appeals are split regarding whether such a defendant who has been convicted or who has pled guilty retains a Fifth Amendment privilege against self-incrimination until he has been sentenced. Compare United States v. Kuku, 129 F.3d 1435, 1438 (11th Cir. 1997), with United States v. Mitchell, 122 F.3d 185, 191 (3d Cir. 1997), pet. for cert. filed, No. 97-7541 (U.S. Jan. 13, 1998). We have not passed on this issue. We believe that the conclusion that Juan Velasquez' testimony could have exposed him to additional criminal charges suffices to establish that he enjoyed a Fifth Amendment privilege not to testify at Fidel Velasquez' trial. Thus, we decline to address the ramifications of the fact that Juan Velasquez' testimony could have negatively affected him at sentencing.

III.

Both appellants contend that the district court erred in concluding that neither of them was a minor participant in the relevant offense and refusing to give them credit as minor participants at sentencing. A minor participant is one who is less culpable than most other participants but whose role cannot be described as minimal. USSG § 3B1.2, comment. (n.3) (West 1997). Whether a defendant was a minor participant in the offense he committed is a factual question, and we review a district court's decision on the issue for clear error. United States v. Wells, 127 F.3d 739, 750 (8th Cir. 1997). The district court's conclusion that neither appellant was a minor participant in their offense conduct was not clearly erroneous.

A defendant charged with a drug-related crime may not successfully argue that his participation in the offense was minor in comparison to others involved in drug activity well beyond the particular offense in question. That is to say, for example, that a defendant convicted of possession may not simply note that he is less culpable than the individual who supplied the drugs and/or the individual who manufactured the drugs and thereupon be designated a minor participant for sentencing purposes. See United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995). Indeed, the relevant sentencing guideline itself directs the judge to decide whether a defendant is a minor participant "[b]ased on the defendant's role in the offense." USSG § 3B1.2 (emphasis added). The district court correctly rejected Juan Velasquez' § 3B1.2 argument on these precise grounds. See J. Velasquez Sent. Trans. at 8.

Even when we compare each appellant's participation with his coappellant's participation, we cannot conclude that the district court's finding was clearly erroneous. A review of Juan Velasquez' sentencing hearing suggests that, at best, Juan Velasquez was as culpable as Fidel Velasquez in the charged offense. See id. at 7. The district court expressly concluded at Fidel Velasquez' sentencing hearing that the evidence in the case "ably demonstrates that this crime was jointly committed by both defendants." F. Velasquez Sent. Trans. at 11. We have reviewed the relevant facts and will not disturb the district court's legitimate conclusions here.

IV.

Finally, we review the district court's conclusion that Juan Velasquez was not entitled to benefit from the safety valve of USSG § 5C1.2. To benefit, a defendant must show that he has truthfully provided to the

Government all information regarding the relevant crime before sentencing.

USSG 5C1.2 (West 1997).  We review the district court's conclusion that Juan Velasquez did not discharge that burden for clear error.  <u>United States v. Weekly</u>, 118 F.3d 576, 581 (8th Cir.), <u>modif'd on other grounds</u>, 128 F.3d 1198 (8th Cir.), <u>cert. denied sub nom.</u> <u>Romero v. United States</u>, 118 S.Ct. 611 (1997).

Juan Velasquez relies upon the fact that, on the day of his sentencing, he presented to the Government an affidavit purporting to set forth his knowledge of the crime at issue.  At sentencing, the Government indicated to the district court that Juan Velasquez had not been interviewed with respect to the information in his affidavit, and counsel for the Government informed the district court that he  was of the opinion that the affidavit was not entirely truthful.  Beyond that, the district court itself noted that certain information in the affidavit was inconsistent with the district court's understanding of the facts of the case based upon Fidel Velasquez' trial.  These are legitimate reasons upon which the district court could base its refusal to apply the safety valve.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.