# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4255

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Gilbert Chavez-Flores, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: December 5, 2000
Filed: December 26, 2000

_____

Before RICHARD S. ARNOLD, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Gilbert Chavez-Flores pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and the district court[1] sentenced him to 120 months imprisonment and five years supervised release. On appeal, his counsel has filed a brief--arguing that the court erroneously denied Chavez-Flores's plea-withdrawal motion, and erroneously denied him safety-valve relief at sentencing--and

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

has moved to withdraw under Anders v. California, 386 U.S. 738 (1967). Chavez-Flores has not filed a pro se supplemental brief.

Having reviewed the plea-withdrawal motion that Chavez-Flores submitted to the district court, in light of his acknowledgment at the change-of-plea hearing of satisfaction with his counsel, we conclude that the court did not abuse its discretion in denying the motion. See United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (standard of review; defendant's allegation in plea-withdrawal motion of poor assistance by counsel was rebutted by defendant's declaration under oath at change-of-plea hearing that he understood proceedings, was satisfied with his lawyer, and had committed crimes charged; plea was knowing, voluntary, and intelligent, and defendant did not show any fair and just reason for withdrawing it); United States v. Newson, 46 F.3d 730, 733 (8th Cir. 1995) (defendant's failure to assert any objections to counsel's performance at change-of-plea hearing refutes any claim of ineffective assistance as basis for withdrawing plea).

We also conclude that the district court did not clearly err in denying Chavez-Flores safety-valve relief. See United States v. Tournier, 171 F.3d 645, 647 (8th Cir. 1999) (clear-error standard of review); United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998) (defendant carries burden of demonstrating that he has truthfully provided to government before sentencing all information regarding relevant crime). The court's determination that his purported inability to provide information about his drug source was incredible is supported by a law enforcement report placed into evidence at sentencing. See United States v. Velasquez, 141 F.3d 1280, 1283 (8th Cir.) (affirming denial of safety-valve relief where there was extrinsic support for government's opinion that defendant had not been fully truthful), cert. denied, 525 U.S. 897 (1998); United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996) (affirming denial of safety-valve relief where, although defendant provided limited information about his crime to government, presentence report indicated that he had not been fully truthful).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.