# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2229

_____

United States of America,

        Appellee,

    v.

Misael Farias-Rubio,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota
\*
\*   [UNPUBLISHED]
\*

_____

Submitted:  October 25, 2002

Filed:  November 14, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Misael Farias-Rubio appeals from the final judgment entered in the District Court for the District of Minnesota after he pleaded guilty to possessing with the intent to distribute approximately one pound of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The district court sentenced Farias-Rubio to 120 months imprisonment and 5 years supervised release on each count, to be served concurrently. On appeal, counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing for reversal that the district court erred in denying safety-valve relief. In his pro se supplemental brief, Farias-

Rubio argues that he was not informed of his right under the Vienna Convention to contact his consul; the Attorney General changed methamphetamine from a Schedule III to a Schedule II controlled substance, contrary to 21 U.S.C. § 812, and his sentence exceeds the statutory maximum for a Schedule III drug; and the methamphetamine seized was the result of an illegal search. For the reasons discussed below, we affirm the judgment of the district court as modified.

We conclude that the district court did not clearly err in denying safety-valve relief. The district court was entitled to rely upon a codefendant's statement and could conclude from that statement that Farias-Rubio had not been truthful and was not eligible for safety-valve relief. See United States v. Velasquez, 141 F.3d 1280, 1283 (8th Cir.), cert. denied, 525 U.S. 897 (1998).

We reject Farias-Rubio's remaining arguments. His guilty plea forecloses his Vienna Convention and illegal search arguments, see United States v. Guzman-Landeros, 207 F.3d 1034, 1035 (8th Cir. 2000); United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000), and Congress has given the Attorney General the authority to transfer drugs from one schedule to another regardless of the drug's initial placement in § 812, see 21 U.S.C. §§ 811(a)(1), 812(c).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find that the district court erred in sentencing Farias-Rubio to 120 months imprisonment and 5 years supervised release on the illegal reentry charge because the maximum penalty for a basic illegal reentry offense is 2 years, see 8 U.S.C. § 1326(a), and the authorized term of supervised release is 1 year, see 18 U.S.C. §§ 3559, 3583(b)(3), and none of the factors for increasing the statutory maximum is present. We find that this was plain error, see United States v. Maynie, 257 F.3d 908, 918-19 (8th Cir. 2001), cert. denied, 534 U/S. 1151, and cert. denied, 122 S. Ct. 1333 (2002), and we modify the sentence for that conviction to be 24 months imprisonment and 1

year supervised release.  <u>See</u> U.S.S.G. §§ 5G1.1(a), 5G1.2 comment.  We find no other nonfrivolous issues.

Accordingly, we modify the sentence on the illegal reentry conviction and grant counsel's motion to withdraw, and we affirm the conviction and sentence as modified.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.