# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2634

_____

United States of America,      *
                               *
        Appellee,              *
                               *    Appeal from the United States
        v.                     *    District Court for the District
                               *    of Nebraska.
Aquilino Ortiz-Sanchez,        *
                               *         [UNPUBLISHED]
        Appellant.             *

_____

Submitted:  December 26, 2002

Filed: January 2, 2003

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
    Judges.

_____

PER CURIAM.

Aquilino Ortiz-Sanchez pleaded guilty to possessing with intent to distribute
500 grams or more of a mixture containing methamphetamine, in violation of
21 U.S.C. § 841(a)(1), (b)(1), and was sentenced to the statutory minimum of 120
months imprisonment and 5 years supervised release.  On appeal, he argues that the
district court[1] erred in denying him "safety-valve" relief under U.S.S.G.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the
District of Nebraska.

§ 5C1.2(a)(5), based upon the court's finding that he had not been fully truthful in his statements to the government about the source of the methamphetamine.

To qualify for the reduction, "a defendant carries the burden of demonstrating that 'he has truthfully provided to the Government all information regarding the relevant crime before sentencing.'" See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998) (quoted source omitted). We conclude that the district court did not clearly err in determining that, as the government contended, Mr. Ortiz-Sanchez had not been fully truthful. See United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000) (standard of review).

We agree with the district court that Mr. Ortiz-Sanchez's account of how he obtained the large quantities of methamphetamine underlying his offense--from a person for whom Mr. Ortiz-Sanchez could provide only a physical description, and whom he allegedly had no way of contacting except by visiting a specific bar repeatedly until they met--was both inconsistent with normal drug-trafficking practices and not credible. Further, efforts to locate the described individual were unsuccessful, and the government adduced evidence that Mr. Ortiz-Sanchez had called specific numbers around the time that negotiations were underway for the methamphetamine at issue, suggesting that he did have specific suppliers whom he knew how to contact. See United States v. Velasquez, 141 F.3d 1280, 1283 (8th Cir.), cert. denied, 525 U.S. 897 (1998).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.