# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3281

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jorge Contreras, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 7, 2003
Filed: March 10, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Jorge Contreras pleaded guilty to possessing with intent to distribute approximately 400 grams of a methamphetamine mixture, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2000), and was sentenced to seventy-two months of imprisonment and four years of supervised release. On appeal, he argues that the District Court[1] erred in denying him "safety-valve" relief under U.S.S.G. § 5C1.2(a)(5) (2001), based upon the Court's finding that he had not been fully truthful in his safety-valve proffer to the government.

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

One of the requirements for safety-valve relief is that the defendant demonstrates he truthfully provided the government, before his sentencing, with all the information he has about the relevant crime. United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998). In concluding that Contreras had been less than forthcoming during his proffer interview, the District Court found absurd Contreras's claim that $5,000 of the $6,000 seized by officers during a search of his apartment (where drugs and drug scales were also found) came from a lottery game among Contreras, his friends, and family. Further, his denial of ever selling methamphetamine was belied by a controlled buy of methamphetamine from Contreras that occurred only days before his arrest on the instant offense. See United States v. Velasquez, 141 F.3d 1280, 1283 (8th Cir.), cert. denied, 525 U.S. 897 (1998). We conclude the District Court did not clearly err in determining that, as the government contended, Contreras had not been fully truthful. See United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.