# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3868

_____

United States of America,     *
    *
       Appellee,     *    Appeal from the United States
    *    District Court for the District
v.     *    of Minnesota.
    *
Adolfo Gutierrez-Maldonado,     *       [PUBLISHED]
    *
       Appellant.     *

_____

Submitted: May 15, 2003

Filed: May 21, 2003

_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

Adolfo Gutierrez-Maldonado pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute over 500 grams of a mixture of cocaine. See 21 U.S.C. §§ 841(a)(1), (b)(1). Before sentencing, Gutierrez-Maldonado was given the opportunity to participate in an interview with the government to convey his knowledge about the crime, but Gutierrez-Maldonado refused the interview. At sentencing, defense counsel told the court Gutierrez-Maldonado's knowledge about the drug activity in the case was limited to what

Gutierrez-Maldonado told the court when he pleaded guilty. The district court[*] explained Gutierrez-Maldonado's refusal to participate in the proffer prevented safety-valve relief and sentenced Gutierrez-Maldonado to the mandatory minimum of sixty months in prison and four years of supervised release.

On appeal, Gutierrez-Maldonado contends the case should be remanded for resentencing because he met all necessary criteria for safety-valve relief. The safety valve, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, provides that if a defendant, among other things, provides the government with all information and evidence the defendant has about the offense, the court may sentence the defendant under the sentencing guidelines regardless of the statutory minimum sentence. 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). We review the district court's conclusion that Gutierrez-Maldonado did not do so for clear error. See United States v. Velasquez, 141 F.3d 1280, 1283 (8th Cir. 1998).

Gutierrez-Maldonado contends the information he conveyed during his plea colloquy and to the probation officer who prepared the presentence report are sufficient to satisfy § 3553(f)(5) and § 5C1.2(a)(5). We disagree. The factual basis of Gutierrez-Maldonado's guilty plea was limited to a recitation of his own actions about the crime, and his statements to the probation officer were also limited and incomplete. Gutierrez-Maldonado's refusal to submit to a government interview precluded the government from determining whether Gutierrez-Maldonado had provided truthful and complete information warranting safety valve relief. It is Gutierrez-Maldonado's burden to make this showing. See Velasquez, 141 F.3d at 1283. Indeed, a defendant who refuses a government interview does so at his peril. See id. (defendant's affidavit alone insufficient to satisfy safety valve); United States v. Ramirez, 94 F.3d 1095, 1103 (7th Cir. 1996) (defendant's failure to respond to

---

[*]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

government's proffer letter or to answer government's questions precluded safety valve relief); <u>United States v. Montanez</u>, 82 F.3d 520, 523 (1ˢᵗ Cir. 1996) ("defendant who declines to offer himself for debriefing takes a very dangerous course"); <u>United States v. Ivester</u>, 75 F.3d 182, 184-85 (4ᵗʰ Cir. 1996) (§ 3553(f)(5) requires defendants to show, through affirmative conduct, they have supplied truthful information to the government).

Having chosen not to meet with the government to permit testing of the extent of his knowledge and the truthfulness of his account, Gutierrez-Maldonado failed to meet his burden to show he was eligible for the safety valve. Thus, the district court correctly sentenced Gutierrez-Maldonado to the statutory minimum sentence, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.