# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3101

_____

United States of America,

        Appellee,

v.

Michael Todd Sneed,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: March 15, 2004

Filed: March 24, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael Todd Sneed challenges the sentence the district court[1] imposed after he pleaded guilty to distributing 5 or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Sneed to 20 months imprisonment and 3 years supervised release. For reversal, Sneed argues the district court clearly erred in denying him a 2-level safety-valve reduction, and the court

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

abused its discretion in preventing the probation officer from testifying at sentencing about whether Sneed possessed any information unknown to the government.

The district court did not clearly err in denying the reduction, because Sneed remained silent during his presentence interview when the probation officer asked him about relevant conduct outside the offense of conviction. See U.S.S.G. § 5C1.2(a)(5) (to receive safety-valve relief defendant must provide "Government all information and evidence" he has "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan"); United States v. Gutierrez-Maldonado, 328 F.3d 1018, 1019 (8th Cir. 2003) (per curiam) (defendant not entitled to safety-valve relief where factual basis of guilty plea was limited to recitation of own actions about crime, and statements to probation officer were limited and incomplete); United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000) (standard of review). Sneed had an obligation to provide the government with the information in his possession, see United States v. Ivester, 75 F.3d 182, 185-86 (4th Cir.) (safety-valve relief requires defendant to act affirmatively; defendant is not entitled to relief merely because government never sought him out for debriefing), cert. denied, 518 U.S. 1011 (1996), even if he believed that his codefendants had already provided the information, see United States v. Acosta-Olivas, 71 F.3d 375, 377-79 (10th Cir. 1995) (safety-valve relief requires defendant to tell government "all he knows" even if his information would not be useful to government).

We also conclude the district court did not abuse its discretion in preventing the probation officer from testifying about whether Sneed possessed information unknown to the government, because we agree with the court that any such testimony would have been speculative. See United States v. Hill, 943 F.2d 873, 875 (8th Cir. 1991) (standard of review).

Accordingly, we affirm.

_____

-2-