# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3653

_____

United States of America,          *
                                        *

          Appellee,           *    Appeal from the United States
                                        *    District Court for the District
     v.                       *    of Nebraska.
                                          *

Curtis Skillett,               *        [UNPUBLISHED]
                                        *

          Appellant.         *

_____

Submitted: November 17, 2004
Filed: November 23, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Curtis Skillet pleaded guilty to one count of conspiracy to distribute five hundred grams or more of a mixture containing methamphetamine. At a hearing, four of Skillet's coconspirators testified about Skillet's involvement in the conspiracy. An agent of the Federal Bureau of Investigation (FBI) testified about his investigation of the conspiracy, his seizure of a drug record and scale from Skillet's auto repair business, and wiretapped conversations between Skillet and another coconspirator. Skillet also testified and denied much of his coconspirators' testimony. The district

court[*] resolved a dispute about drug quantity in Skillet's favor, but denied Skillet a decrease in his offense level under U.S.S.G. § 3B1.2 for being a minor or minimal participant, and denied Skillet relief from the statutory minimum sentence under the safety valve, U.S.S.G. § 5C1.2(a). After another hearing concerning the applicability of the safety valve the district court again denied safety valve relief and sentenced Skillet to the statutory minimum sentence, ten years in prison and five years of supervised release.

On appeal, Skillet contends the district court should have adjusted his offense level downward under U.S.S.G. § 3B1.2 for his minor or minimal role in the conspiracy. The notes to the guideline explain that a minimal participant is "plainly among the least culpable of those involved in the conduct of a group," and a minor participant is one who is less culpable than most other participants, but one whose role cannot be described as minimal. Id. n.4. Skillet had the burden to show he was entitled to a § 3B1.2 reduction. United States v. Bertling, 370 F.3d 818, 821 (8th Cir. 2004). We review the district court's denial of the reduction for clear error, id., and find none.

The evidence seized from Skillett's office and the testimony of his four coconspirators show Skillett was a middleman of the conspiracy. He purchased large quantities of methamphetamine and redistributed them to other members in quarter-pound and pound quantities. Skillett knew the large players in the conspiracy, and their telephone numbers in his Rolodex. As a middleman, Skillett was an essential member of the conspiracy to whom a reduction for a mitigating role does not apply. See United States v. McGrady, 97 F.3d 1042, 1043 (8th Cir. 1996). Besides, in their written plea agreement, Skillet and the Government agreed Skillet had not met the criteria for a mitigating role, and the PSR noted this agreement. See United States v.

---

[*]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

<u>His Law</u>, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam) (promises made in plea agreements are binding on both the defendant and the government).

Skillet also argues the district court should have granted him relief under the safety valve, U.S.S.G. § 5C1.2. The safety valve permits a district court to disregard an otherwise applicable statutory minimum sentence when, among other things, the defendant has truthfully given the Government all information and evidence the defendant has about the offense. U.S.S.G. § 5C1.2(a)(5). We review for the district court's finding that Skillet did not truthfully give the Government all information about his offense for clear error. <u>United States v. Quintana</u>, 340 F.3d 700, 702 (8th Cir. 2003); <u>United States v. Gutierrez-Maldonado</u>, 328 F.3d 1018, 1019 (8th Cir. 2003) (per curiam). The district court found Skillet had failed to meet his burden to show he had truthfully given the government all information about his offense. The court stated Skillet's testimony had so minimized his involvement in the conspiracy that it bordered on forfeiting acceptance of responsibility. The court found Skillet had not been forthright in his testimony. The district court did not commit clear error. Skillett's testimony conflicted with the testimony of his coconspirators and evidence corroborating the coconspirators' testimony. The FBI agent testified that given the coconspirators' testimony and the corroborating evidence, Skillet was not being truthful.

Skillet also seeks leave to amend his brief based on the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Skillet states the "decision in <u>Blakely</u> impacts the findings and judgment of the [district court]," but does not specify any issues raised by <u>Blakely</u> or how it applies to the issues he has raised. We have carefully reviewed Skillet's sentencing and conclude <u>Blakely</u> does not apply. Skillet was sentenced to ten years in prison, the mandatory minimum term of imprisonment for a defendant convicted of trafficking over 500 grams of a mixture or substance containing methamphetamine. The Court in <u>Blakely</u> stated a judge may impose a sentence based solely on "<u>facts reflected in the jury verdict or admitted by</u>

the defendant." 124 S. Ct. at 2537 (emphasis in original). Here, Skillett pleaded guilty to conspiracy to distribute more than 500 grams of methamphetamine, and acknowledged in the plea agreement that he faced a minimum sentence of ten years. Because the district court did not have to make any additional finding to justify the ten-year sentence it imposed, Skillett's sentence is consistent with the Sixth Amendment as interpreted by the Supreme Court in Blakely. United States v. Lucca, 377 F.3d 927, 934 (8th Cir. 2004).

We thus deny Skillet's motion to amend his brief, and affirm Skillet's sentence.

_____