_____

No. 96-1261
_____

United States of America,        *
                                 *
     Plaintiff/Appellee          *
                                 *   Appeal from the United States
          v.                     *   District Court for the Western
                                 *   District of Missouri
John W. McGrady, also known as   *
Walking John,                    *
                                 *
     Defendant/Appellant.        *
_____

                    Submitted: September 13, 1996

                       Filed: October 3, 1996
                          _____

Before FAGG, LAY, and MURPHY, Circuit Judges.
                          _____

MURPHY, Circuit Judge.


     John W. McGrady pled guilty to two counts of distributing crack
cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  The district
court[1] sentenced him to fifty-seven months imprisonment.  On appeal,
McGrady contends that his sentence was improperly calculated.  He claims
the district court erred by overstating the amount of crack with which he
was involved and by not treating him as a minor or minimal participant
under § 3B1.2 of the Sentencing Guidelines.  We affirm.


     McGrady disputes the amount of crack attributed to him.  He claims
that the government did not establish that he was responsible for 35 or
more grams of crack, the amount necessary for a base offense level of 30.
There was a variance between the

_____

     [1]The Honorable D. Brook Bartlett, United States District
Judge for the Western District of Missouri.

weight of the seized drugs close to the time of the offense and over a year later when they were reweighed at his request. The district court found McGrady was responsible for 37.22 grams of crack, after discounting evidence to link him to 9.61 other grams. The crack the court attributed to him weighed 37.22 grams at the initial weighing and 32.45 grams at the second weighing. McGrady says he should only be held accountable for the lower weight which would have put him at a base offense level of 28.[2]

McGrady challenged the weight of the drugs at the sentencing hearing and the method by which the crack was first weighed, and the district court indicated to the prosecutor that it was the government's obligation to prove the drug weight. (Tr. at 11). During the testimony that followed, the chief forensic chemist at the regional crime laboratory in Kansas City testified that the drugs had been weighed by a standard method, that solvents and moisture typically evaporate crack over time, and that it was likely that the weight would have been significantly different when the drugs were weighed again a year later. He said the decrease in weight that had occurred was not unusual, and that he assumed evaporation accounted for the difference. (Tr. at 32, 19). He also testified that the larger the piece of crack, the more evaporation would occur. After hearing the evidence, the district court made findings that credited the expert testimony, found evaporation had caused the weight discrepancy, and attributed 37.22 grams of crack to McGrady. These findings were supported by the evidence and are not clearly erroneous.

McGrady also argues that he was a minor or minimal participant in the offense and the district court erred in not granting him either a four or two point reduction in his guideline calculation. McGrady contends that he was merely a courier who played a small

---

[2]In the plea agreement, the parties had indicated they believed the amount of crack "to be used in making the guideline calculation is more than 35 grams but less than 50 grams, which results in a base offense level of 30."

role in the drug deals. The district court found that McGrady was essential to the commission of the crimes and that they would not have occurred without his participation. The evidence supports these findings. McGrady played a significant role in carrying out the drug transactions. The district court did not err in denying him a minor or minimal status reduction. See <u>United States v. Ellis</u>, 890 F.2d 1040 (8th Cir. 1989).

The judgment of the district court is affirmed.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.