# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3765WM

_____

United States of America,       *

       *  On Appeal from the United

       Appellant,    *  States District Court

       *  for the Western District

    v.       *  of Missouri.

       *

Sherry Lynn Collins,     *  [Not to be Published]

       *

       Appellee.    *

_____

Submitted:  November 1, 1999

Filed:  December 2, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.


Sherry Lynn Collins pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341.  The presentence investigation report (PSR) recommended an imprisonment range of eight to fourteen months, and identified no factors warranting departure.  Collins objected, offering factors she believed would warrant a downward departure under U.S. Sentencing Guidelines Manual § 5K2.0, p.s. (1997).

The District Court rejected the grounds offered by Collins for departure, but departed downward nonetheless, stating:  "Well, I've looked at the sentencing

guidelines, and I don't find any reason whatsoever to depart downward. But, I'm going to depart downward." The Court sentenced Collins to four years probation, with six months to be spent in home confinement. In its written judgment, the Court noted that it had departed downward because "it would not be in the public interest to send the defendant to prison." The government appeals, arguing that the Court erred in departing downward.

We review the District Court's decision to depart from the Guidelines for abuse of discretion. See Koon v. United States, 518 U.S. 81, 99 (1996). An error in determining whether a factor constitutes a permissible basis for departure is an error of law that is, by definition, an abuse of discretion. See id. at 100. If the Court relied upon an invalid factor, a remand is required unless the error was harmless, in that the error did not affect the Court's selection of the sentence imposed. See Williams v. United States, 503 U.S. 193, 203 (1992).

We conclude that the District Court abused its discretion in departing downward. Departing without "any reason whatsoever" is an abuse of discretion, see United States v. Morken, 133 F.3d 628, 629 (8th Cir. 1998) (abuse of discretion where record revealed no valid basis for district court's decision to depart downward), and "the public interest" (the phrase that the Court used at sentencing to refer to the economic costs of incarcerating Collins) is not a factor which the Court should have considered as a basis for departure, see United States v. Wong, 127 F.3d 725, 728 (8th Cir. 1997) (decision whether tax dollars should be spent on costs of incarceration is legislative rather than judicial; district court should not have considered it as basis for departure from Guidelines). We are unable to conclude from the record that this error was harmless, because it appears to have affected the Court's selection of the sentence imposed.

Accordingly, we reverse the judgment of the District Court and remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.