# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3471/00-3669NI

_____

United States,                          *
                                        *
    Cross-Appellant/Appellee,   *
                                        *
    v.                          *   Appeals from the United States
                                        *   District Court for the Northern
Corey Hilliard,                         *   District of Iowa
                                        *
    Appellant/Cross-Appellee.   *        [UNPUBLISHED]


_____

Submitted: May 14, 2001
Filed: June 14, 2001

_____

Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

Corey Hilliard appeals his convictions for aiding and abetting the illegal transfer of firearms. Hilliard argues there was insufficient evidence to convict and that the government was permitted to ask an improper question concerning one of his associates criminal history. The United States has cross-appealed the issue of the trial court's four-level minimal participant downward reduction.

_____

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

After a careful analysis of the evidence before the district court, this Court agrees with the determination of the jury and the trial court that there was sufficient evidence to convict. Under Eighth Circuit Rule 47B, no further commentary is warranted.

Upon review of the grounds for the cross-appeal, this Court finds that Hilliard was not entitled to a four-level reduction for minimal participation. Hilliard introduced the buyers and seller of the firearms. Whether a defendant qualifies for a minor participant reduction is a question of fact, the determination of which we review for clear error. See, e.g., United States v. Harris, 974 F.2d 84, 86 (8th Cir. 1992). This Court has consistently applied the precept that if 'but for' a defendant's conduct the illegal transfer would not have occurred, the defendant is not entitled to a minimal participant reduction. United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993) (See, United States v. McGrady, 97 F.3d 1042 (8th Cir. 1996) (courier who played a small role in the drug deals but was essential to the commission of the crimes and they would not have occurred without his participation was not entitled to a reduction.) United States v. Ramos-Torres, 187 F.3d 909 (8th Cir. 1999), *cert. denied*, 120 S.Ct. 601 (1999)(courier who was only sentenced upon his participation and not the entire conspiracy was not entitled to a further reduction.)).

Hilliard's conduct made the criminal activity possible. Not only did he introduce the criminal actors, he took the seller to the buyers on at least two occasions. He was present during the sales and must have been aware of the illegality of the sales. United States v. James, 172 F.3d 588, 594 (8th Cir. 1999) (one would have to be "extremely naive" to believe the defendant did not know or had no reason to believe the firearms would be used in another felony offense). Hilliard was only convicted and sentenced for part of the total conspiracy that included upwards of 40 firearms. He is not entitled to any further reduction.

Accordingly, we affirm the conviction, but vacate and remand for re-sentencing without the four-level reduction for minimal participation.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.