# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3176

_____

United States of America,                     *
                                              *
            Appellee,                         *
                                              *
    v.                                        *
                                              *
Jose Carrasco, also known as                  *
Demetrio,                                      *
                                              *
            Appellant.                        *
                                              *

_____                              Appeals from the United States
                                                 District Court for the
No. 00-3606                                      District of Nebraska.

_____

United States of America,                     *
                                              *
            Appellee,                         *
                                              *
    v.                                        *
                                              *
Jose Gonzalez,                                *
                                              *
            Appellant.                        *


_____

Submitted: October 17, 2001
Filed: November 19, 2001

_____

Before BOWMAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.
_____

HANSEN, Circuit Judge.

Codefendants Jose Carrasco and Jose Gonzalez each pleaded guilty to distributing and attempting to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced each defendant to 33 months imprisonment. Each defendant appeals his respective sentence. We affirm.

Gonzalez was arrested with another individual, Benjamin Magana, on December 30, 1999, after they attempted to sell cocaine to an undercover officer in the parking lot of a hotel. Following the arrest, officers searched Carrasco's apartment, where Gonzalez and Magana had been staying, and found additional cocaine. Carrasco introduced Gonzalez and Magana to the confidential informant who had arranged the sale to the undercover officer. Although Carrasco was not present at the attempted sale of drugs to the undercover officer, he was supposed to receive $250 from the sale for allowing Gonzalez and Magana to stay in his apartment and store the drugs there. A two-count indictment was entered against the three men. The first count charged Carrasco with distribution of cocaine based on an earlier sale of 13.9 grams of cocaine to an undercover officer in July 1999. The second count charged all three men with attempting to distribute 278.9 grams of cocaine related to the attempted sale to the undercover officer on December 30, 1999, and the drugs subsequently found in Carrasco's apartment. Gonzalez pleaded guilty to Count II of the indictment. Carrasco pleaded guilty to Count I and the government agreed to dismiss Count II against Carrasco.

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

2

Both defendants now appeal their sentences. Gonzalez argues that the district court should have granted him a downward departure. Carrasco argues that the district court should have reduced his offense level for his acceptance of responsibility and for his minor role in the offense.

Gonzalez's failure to request a downward departure at his sentencing is fatal to his appeal.[2] Gonzalez's attorney asked the district court only that he be sentenced at the low end of the sentencing range, which request the district court granted. By failing to request a downward departure, Gonzalez has effectively waived this argument, and subjected his appeal to, at best, plain error review. See United States v. Murphy, 248 F.3d 777, 779 (8th Cir. 2001) (declining to apply even plain error review where defendant knowingly and voluntarily chose not to object to government's failure to recommend downward departure). Gonzalez alleges that he is entitled to a downward departure based on a disparity between his sentence and his codefendants' sentences. Gonzalez fails to explain how his sentence was disparate from his codefendants, particularly in light of the fact that Carrasco received the same 33-month sentence. In any event, we have "held that '[d]isparity between sentences imposed on codefendants is not a proper basis for departure.'" United States v. Wong, 127 F.3d 725, 728 (8th Cir. 1997) (quoting United States v. Polanco, 53 F.3d 893, 897 (8th Cir. 1995), cert. denied, 518 U.S. 1021 (1996)). Gonzalez was not entitled to a downward departure on this basis.

Gonzalez also argues that he should have been granted a downward departure because his wife is disabled and he is the primary source of support for his three children. At the time of his sentencing, Gonzalez's family was living with his mother-in-law. Family responsibility is generally a disfavored reason for granting a

---

[2]Gonzalez claimed in his brief that he made an oral motion for a downward departure but failed to direct us to the page in his sentencing transcript where he made the alleged oral motion. We have carefully reviewed the transcript and find no such motion.

departure.  See USSG § 5H1.6; United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000).  Gonzalez's family circumstances, while sympathetic, are not so extraordinary as to take him out of the heartland of cases.  See, e.g., United States v. Bahena, 223 F.3d 797, 810-11 (8th Cir. 2000) (defendant not entitled to departure where he was sole supporter of sons, who were returned to Mexico to live in "quite desperate" conditions with their mother (internal quotations omitted)), cert. denied, 121 S. Ct. 1163 (2001); United States v. Shortt, 919 F.2d 1325, 1326, 1328 (8th Cir. 1990) (reversing downward departure for defendant who was sole source of support for family, whose wife had a history of substance abuse, and  who helped his disabled father farm). The district court, which heard evidence about Gonzalez's family situation but still found no "reason to depart from the sentence authorized under the [G]uidelines," (Sentencing Tr. at 58), did not plainly err in declining to depart below the sentencing range established by the Guidelines.

Carrasco argues that he was entitled to a reduction in his offense level for his acceptance of responsibility. Carrasco "had the burden to establish a clear acceptance of responsibility, and the district court's factual determination is entitled to great deference."  United States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997) (internal citation omitted).  "Such a determination should only be reversed if it is so clearly erroneous as to be without foundation."  Id. The district court denied the reduction because Carrasco initially denied knowledge of and involvement with the drugs sold by Gonzalez and Magana, and denied that his codefendants agreed to pay him $250 for the use of his apartment.  It was not until his second sentencing hearing that Carrasco accepted responsibility for the full amount of drugs.  "[A] conscious attempt to mislead and to minimize [the defendant's] involvement [is] inconsistent with acceptance of responsibility." Id. (citing USSG § 3E1.1 n.1(a)).  Having reviewed the transcript of Carrasco's two sentencing hearings, we cannot say that the district court clearly erred in making this finding.  See United States v. Ortiz, 242 F.3d 1078, 1079 (8th Cir. 2001) (standard of review).

Carrasco also claims that he is entitled to a sentencing reduction based on his minor or minimal role in the offense under Sentencing Guidelines section 3B1.2, arguing that his only involvement was allowing his codefendants to stay in his apartment and store the drugs there. The district court found that his involvement was greater than that. Carrasco introduced his codefendants to the confidential informant who arranged for the sale to the undercover officer and Carrasco was present when the sale was planned. We agree that Carrasco's role was more than minor and that he has failed to establish that he is entitled to a sentencing reduction for his role in the offense. See United States v. McGrady, 97 F.3d 1042, 1043 (8th Cir. 1996) (holding courier not entitled to minor role reduction because drug sale would not have occurred but for his participation).

For the foregoing reasons, we affirm the sentences imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5