# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2605

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United |
| v. | * | States District Court for the |
| | * | Eastern District of Missouri. |
| Michael Douglas, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 30, 2003
Filed: February 10, 2003

_____

Before LOKEN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Michael Douglas appeals the sentence the district court[1] imposed after a jury found him guilty of conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and 3 counts of distributing cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A) and (B). At sentencing, the district court sustained Douglas's objections to the presentence report, reducing the drug

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

quantity attributable to him and applying a role-in-the-offense reduction. Thereafter, the court sentenced Douglas to concurrent prison terms of 168 months on each count, and concurrent 5-year supervised release terms. On appeal, Douglas's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by not departing downward to eliminate the disparity between the sentences of Douglas and his coconspirators. We affirm.

We first note that the district court sustained Douglas's objections and sentenced him at the bottom of the resulting Guidelines range, and it does not appear Douglas moved for a downward departure from that range. See United States v. Carrasco, 271 F.3d 765, 768 (8th Cir. 2001) (failure to request downward departure subjects appeal to, at best, plain-error review). In any event, disparity between codefendants' sentences is not a proper basis for departure. See United States v. Wong, 127 F.3d 725, 728 (8th Cir. 1997) (disparity between sentences imposed on codefendants is not proper basis for departure; some disparity will inevitably exist because of unique facts of each individual defendant's case); United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992) (defendant cannot rely upon codefendant's sentence as "a yardstick" for his own; sentence is not disproportionate just because it exceeds codefendant's sentence).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.