# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2037

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | Court of Appeals from the |
| | * | Western District of Missouri. |
| Robert E. Huffman, | * | |
| | * | **[UNPUBLISHED]** |
| Defendant - Appellant. | * | |

_____

Submitted:  November 19, 2003

Filed:  January 13, 2004

_____

Before LOKEN, Chief Judge, McMILLIAN and BEAM, Circuit Judges.

_____

PER CURIAM.

Robert E. Huffman pleaded guilty to conspiring to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. After a contested sentencing hearing, the district court[1] sentenced Huffman to eighty-seven months in prison.  Huffman appeals, arguing that the court clearly erred in denying him a two-level downward adjustment for his "minor participant" role in the offense, see U.S.S.G. § 3B1.2(b), and in imposing a two-level increase for possession

_____

[1]The HONORABLE NANETTE K. LAUGHREY, United States District Judge for the Western District of Missouri.

of a firearm in connection with a drug offense, see U.S.S.G. § 2D1.1(b)(1).  We affirm.

**A.  Huffman's Role in the Offense.**  A confidential informant introduced Huffman to undercover narcotics detective Jeff Weiler in May 2001.  In the next two weeks, Weiler purchased crack and powder cocaine from Huffman on four occasions. Twice, Huffman went "home" to pick up the narcotics, once returning with co-defendant Alan Arnold.  By following Huffman, police learned that "home" was Arnold's residence.  They conducted a warrant search of the residence after the fourth buy, seizing quantities of crack and powder cocaine, marijuana, and several firearms, and arresting Arnold, who admitted the seized drugs were his.  Police also found documents linking Huffman to the residence and his fingerprint on the stash of marijuana, though Huffman had recently moved out of the Arnold residence. Huffman was later arrested and admitted that he lived at Arnold's residence and sold narcotics with Arnold during the conspiracy period.

A defendant is entitled to a minor participant reduction if he proves that he "is less culpable than most other participants."  U.S.S.G. § 3B1.2, cmt. n.5.  This determination is made "by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable."  United States v. Padilla-Pena, 129 F.3d 457, 471 (8th Cir. 1997), cert. denied, 524 U.S. 905 and 524 U.S. 906 (1998).  At sentencing, the district court first found Huffman responsible for the five grams of crack cocaine encompassed by his guilty plea, plus 14.49 grams of powder cocaine.  That drug quantity produced a base offense level of 26, rather than the base offense level of 30 or 32 urged by the government.  Turning to Huffman's role in the conspiracy offense, the district court acknowledged that Arnold was more culpable but found that Huffman was not a minor participant "given the quantity of drugs that he's being held responsible for."

Huffman argues that, even as to this lesser quantity, he was a "far more minor" participant than Arnold and Arnold's unknown suppliers. However, given the dominant role Huffman played in the four sales to Detective Weiler, his efforts to encourage additional purchases, and his admission that he sold drugs for Arnold to other friends and acquaintances, the district court did not commit clear error in denying a minor participant reduction. Cf. United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir.), cert. denied, 522 U.S. 976 (1997); United States v. McGrady, 97 F.3d 1042, 1043 (8th Cir. 1996); United States v. Tauil-Hernandez, 88 F.3d 576, 581-82 (8th Cir. 1996), cert. denied, 520 U.S. 1121 (1997).

**B. The Firearm Enhancement.** During the warrant search of Arnold's residence, the police found three long guns in a hall closet and a handgun near the bedroom refrigerator in which most of the drugs were found. At the sentencing hearing, Kansas City Detective Gregory Pelter testified that he interviewed Huffman after his arrest. When asked whether Huffman told him what he received in exchange for narcotics, Pelter responded, "He said they would . . . exchange money, *guns*, TV's, VCR's, food stamps" (emphasis added). Huffman testified later in the hearing and denied making this admission:

> Q.   What's your recollection of that conversation [with Detective Pelter]?
> A.   . . . I told him that I recollected one time when I was in . . . Mr. Arnold's truck that he stopped with me in the vehicle. We looked at two shotguns. No transaction was made and nothing more happened at that time. That's all I said. I never said that nothing was traded at that time . . . .
> Q.   Are you saying that -- was it traded later?
> A.   To my knowledge, I don't know. No.

Based on this conflicting testimony, the district court imposed the two-level enhancement for possession of a firearm in connection with a drug offense,

-3-

explaining, "I believe the officer in regards to that statement, and I do not believe the defendant in regards to that statement."

On appeal, Huffman concedes, as he must, that a two-level increase under § 2D1.1(b)(1) is warranted for "obtaining a gun in exchange for drugs." United States v. Rogers, 150 F.3d 851, 858 (8th Cir. 1998), cert. denied, 525 U.S. 1113 (1999). But Huffman argues that Arnold's conduct in trading drugs for guns may not be attributed to Huffman for sentencing purposes because it was not the reasonably foreseeable conduct of a co-conspirator. We agree that a co-conspirator's sentence-enhancing conduct must be reasonably foreseeable. See Tauil-Hernandez, 88 F.3d at 579. Here, Huffman admitted that he knew Arnold would, on occasion, trade the drugs they were selling for guns. Huffman denied making this admission, but the district court credited Detective Pelter's testimony. The transcript of the sentencing hearing supports that credibility finding, which is virtually unreviewable on appeal.

The judgment of the district court is affirmed.

_____