# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2667

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Victor Bernard Jones, also known as | * | |
| Outlaw, also known as Law, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2011
Filed: April 11, 2011

_____

Before RILEY, Chief Judge, WOLLMAN, Circuit Judge, and KYLE,[1] District Judge.

_____

KYLE, District Judge.

Appellant Victor Bernard Jones challenges his sentence following a guilty plea to one count of distributing heroin within 1,000 feet of a school. The district court[2] sentenced Jones to 235 months' imprisonment. We affirm.

_____

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2] The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

# I. FACTUAL BACKGROUND

Jones has an extensive criminal history, including convictions for robbery, burglary, attempted armed robbery, possession of heroin, and, later, possession of heroin and cocaine. He also has convictions for theft, interference with official acts, disorderly conduct, and various driving offenses.

In early 2010, Jones was charged by superseding indictment with three drug crimes. Counts 1 and 2 charged him with distributing heroin within 1,000 feet of a school, after having been twice previously convicted of drug offenses. Count 3 charged him with conspiring to distribute heroin after two prior drug convictions. Due to his criminal history, Jones faced a mandatory life sentence if convicted of these charges. See 21 U.S.C. § 841(b)(1)(A).

Jones reached a plea agreement with the Government. In exchange for Jones's guilty plea to Count 1, the Government agreed to file a sentencing-enhancement notice with respect to only one of his prior drug convictions, rather than the two mentioned in the superseding indictment. The practical effect of this agreement was to remove the possibility of a mandatory life sentence under Section 841. However, the parties were unsure whether Jones qualified as a career offender under the Sentencing Guidelines, due to the fact that many of his prior convictions were more than a decade old. See U.S.S.G. §§ 4A1.2(e), 4B1.1-.2 (2010) (noting that certain stale convictions do not count in determining whether a defendant is a career offender). Accordingly, the Plea Agreement provided:

> Despite his extensive criminal history, at this time defendant does not appear to qualify as a Career Offender due to the age of his violent felony convictions and because his August 22, 2003 conviction for possession of a controlled substance was a plea bargain down from a

charge of possession with intent to distribute. *In exchange for the United States waiving a mandatory life sentence . . ., defendant agrees that in the event he is not otherwise found to be a Career Offender[,] an upward departure for substantial under-representation of criminal history pursuant to § 4A1.3 is warranted. The parties agree that an upward departure to an offense level 31 and a Criminal History Category VI, with a sentencing range of 188 to 235 months is appropriate.*

\*       \*       \*

If defendant is not found to be a Career Offender, the parties agree that there are no grounds for a variance of either kind from a sentencing range of 188 to 235 months, in any amount, in either direction. The parties are each free to argue for any sentence they deem appropriate in the range of 188 to 235 months based on the factors set forth in 18 U.S.C. § 3553(a).

(Addendum at 11-12 (emphasis added).) Jones's Guidelines range would have been 92 to 115 months absent the provided-for upward departure for under-represented criminal history.

Before sentencing, the Government filed a motion for the agreed-upon upward departure, which the district court granted, resulting in a Guidelines range of 188 to 235 months. The Government argued for a sentence near the top of that range, while Jones argued for a sentence at the bottom. The district court sentenced Jones to 235 months' imprisonment, due to his "extensive criminal history" and the types of prior offenses on his record. He now appeals.

## II. DISCUSSION

"We review a sentence in two parts: first, we review for significant procedural error, such as an improper calculation of the advisory sentencing guidelines range; and second, absent significant procedural error, we review for substantive

-3-

reasonableness." United States v. Fischer, 551 F.3d 751, 754 (8th Cir. 2008). Here, Jones raises no procedural-error argument, and hence we review his sentence only for reasonableness. See, e.g., United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009).

Under Gall v. United States, 552 U.S. 38 (2007), a sentence's alleged unreasonableness is reviewed for abuse of discretion. "[S]ubstantive appellate review in sentencing cases is narrow and deferential. As the case law . . . since Gall demonstrates, it will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (*en banc*) (citation omitted).

Here, Jones argues that his sentence was substantively unreasonable because only a sentence of 188 months – the bottom of the Guidelines range – was "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). In particular, he contends that the district court gave "excessive weight" to his criminal history, resulting in an unwarranted (and unexplained) disparity between the sentence in this case and those in two ostensibly "similar" ones. We do not agree.

At the outset, we find Jones's arguments foreclosed by the Plea Agreement. Therein, he agreed to a sentence within the range of 188 to 235 months, and that is precisely what he received. "A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Mickelson, 433 F.3d 1050, 1055-56 (8th Cir. 2006).

Attempting to side-step Mickelson, Jones argues that he did not stipulate to a specific sentence in the Plea Agreement, but rather only agreed to an offense level of 31 and a criminal-history category of VI. Yet, this argument finds no support in the

Plea Agreement, in which Jones expressly acknowledged "that an upward departure to an offense level 31 and a Criminal History Category VI, *with a sentencing range of 188 to 235 months* is appropriate." In other words, he agreed to not just a specific offense level and criminal history category, but also the Guidelines range flowing from them.

In any event, we would reach the same conclusion had Jones not expressly agreed to the applicable Guidelines range in the Plea Agreement. By acknowledging a specific criminal history category and offense level, Jones necessarily, if impliedly, agreed to a sentence within the resultant Guidelines range. Mickelson involved a similar situation. There, the defendant stipulated to an offense level, criminal history category, and Guidelines range, but not any specific sentence within that range. 433 F.3d at 1051. At sentencing, he "suggested that a sentence at the bottom end would be more appropriate," but merely asked the court to stay within the Guidelines range. Id. After the district court sentenced him at the top of that range, Mickelson appealed, arguing that his sentence was substantively unreasonable. This Court rejected his argument, concluding *inter alia* that it was foreclosed by his plea agreement. Id. at 1056.

Here, too, Jones agreed to a specific Guidelines range, and in doing so he acknowledged that the parties were "free to argue for any sentence they deem appropriate" within that range. Like Mickelson, we interpret this "as an acknowledgment that any sentence within the range would [be] reasonable." 433 F.3d at 1056.

Moreover, we would affirm even if the Plea Agreement did not foreclose Jones from challenging his sentence, as he has failed to show that it was substantively unreasonable. It is by now beyond peradventure that a Guidelines-range sentence enjoys a presumption of reasonableness. E.g., United States v. Brown, 627 F.3d 1068, 1074 (8th Cir. 2010); United States v. Linderman, 587 F.3d 896, 901 (8th Cir.

2009). Jones argues that the presumption is inapplicable here because the district court upwardly departed for under-represented criminal history and, hence, necessarily imposed a non-Guidelines sentence. But Jones is mistaken. As noted in United States v. Sitting Bear, 436 F.3d 929 (8th Cir. 2006), the range following an upward departure under Guidelines § 4A1.3 for under-represented criminal history "is the . . . advisory Guidelines range." Id. at 934; accord, e.g., United States v. Solis-Bermudez, 501 F.3d 882, 884-85 (8th Cir. 2007). And a sentence within that range enjoys the presumption of reasonableness. Solis-Bermudez, 501 F.3d at 884.

Jones also argues that if the presumption applies, the disparity between his sentence and those in two "similar" cases involving upward departures for under-represented criminal history renders his sentence unreasonable. But as this Court has recognized, while the Guidelines seek to promote uniformity in sentencing, "some disparity will inevitably exist [between cases] because of the unique facts of each individual defendant's case." United States v. Wong, 127 F.3d 725, 728 (8th Cir. 1997). Thus, a "sentence is not unreasonable simply because it . . . creates some disparity between sentences." United States v. Myers, 503 F.3d 676, 686 (8th Cir. 2007); accord, e.g., United States v. Williams, 605 F.3d 556, 572 (8th Cir. 2010); United States v. Austad, 519 F.3d 431, 435 n.5 (8th Cir. 2008).

Our review of the record satisfies us that the district court considered the appropriate factors under 18 U.S.C. § 3553(a) when it pronounced sentence, even if it did not mention the alleged sentencing disparity. See United States v. Barron, 557 F.3d 866, 869 (8th Cir. 2009) (rejecting the contention that a sentencing judge "must compare and contrast the defendant under consideration with a similar offender . . . and articulate on the record why the two offenders are sentenced differently").[3] Jones simply has not rebutted the presumptive reasonableness of his sentence.

---

[3] Notably, Jones does *not* argue that the district court's "failure" to adequately explain the rationale for his sentence, including the alleged sentencing disparity, was a procedural error under Gall. (Reply at 6.)

-6-

## III. CONCLUSION

For all the foregoing reasons, we affirm Jones's sentence.

_____