# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2759

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Nolberto Naranjo, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 16, 2011
Filed: April 20, 2011

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Nolberto Naranjo Valdez pled guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced him to 235 months' imprisonment, followed by five years of supervised release. On appeal, Naranjo challenges his sentence.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We consider "the substantive reasonableness of the sentence imposed under an abuse of discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

> An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.

*United States v. Williams*, 624 F.3d 889, 896-97 (8th Cir. 2010), *cert denied*, 132 S.Ct. 370 (2011).

The sentence in this case was within the (uncontested) Guideline range of 235 to 293 months. "A sentence within the Guideline range is accorded a presumption of substantive reasonableness on appeal." *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008). *See Rita v. United States*, 551 U.S. 338, 347 (2007).

Naranjo claims the district court overlooked or did not properly consider the mitigating factors of his case, did not consider the disparity between his sentence and those of his co-conspirators, and improperly considered his status as an illegal immigrant.

At the sentencing hearing, Naranjo did not object that the district court should have further addressed the mitigating factors, or that it failed to consider and properly weigh them. Procedural sentencing errors, such as failing to consider relevant 18 U.S.C. § 3553(a) factors, are reviewed only for plain error when no objection was raised in the district court. *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *United States v. Bain*, 586 F.3d 634, 640 (8th Cir. 2009) (citations omitted). "A plain error will not be corrected unless (4) it seriously

affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Moreover, a sentencing court need not recite each factor in 18 U.S.C. § 3553(a) to avoid plain error. *United States v. Bryant*, 606 F.3d 912, 919 (8th Cir. 2010). The district court must only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Townsend*, 618 F.3d 915, 918 (8th Cir. 2010) (quotation omitted). When a sentencing court is aware of possible mitigating factors but does not specifically address them when sentencing, we presume that it rejected those arguments. *United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011). Here, the district court stated it has read the presentence report ("PSR") and the attorneys' presentence memoranda. The district court was aware of the mitigation asserted and did not plainly err in weighing it.

Naranjo's disparity argument is also subject to plain error review. The PSR shows the counts and sentences of other conspirators, but no other details about them or their offenses. Naranjo had an opportunity to develop a record in the district court on potential differences between himself and his co-conspirators, but did not argue, either in the sentencing memoranda or at sentencing, about sentence disparity (or even mention the co-conspirators' sentences). "[A] sentence is not unreasonable simply because it . . . creates some disparity between sentences." *United States v. Jones*, 639 F.3d 484, 488 (8th Cir. 2011) (quoting *United States v. Myers*, 503 F.3d 431, 435 n. 5 (8th Cir. 2008) (internal citations omitted)). Indeed, "'some disparity will inevitably exist [between cases] because of the unique facts of each individual defendant's case.'" *Jones*, 639 F.3d at 488 (quoting *United States v. Wong*, 127 F.3d 725, 728 (8th Cir. 1997) (modification in *Jones*)). The district court need not "articulate on the record why [any] two offenders are sentenced differently." *United States v. Barron*, 557 F.3d 866, 869 (8th Cir. 2009). The district court need only consider the factors as listed in section 3553(a). *Jones*, 639 F.3d at 488. Here, the district court addressed each factor in section 3553(a). On this record, any disparity

between Naranjo's sentence and other sentences resulted from the district court's evaluation of the facts of this case.  No plain error occurred.

Finally, the district court did not err, let alone plainly err, by considering Naranjo's immigration status.  The legality of an individual's immigration status is an appropriate sentencing factor. *See United States v. Loaiza-Sanchez*, 622 F.3d 939, 940-42 (8th Cir. 2010) (citing 18 U.S.C. § 3661 and U.S.S.G. § 1B1.4).

\* \* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____