# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1852

_____

United States of America

*Plaintiff - Appellee*

v.

Kyle C. Yankton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: October 21, 2013
Filed: October 30, 2013
[Published]

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kyle C. Yankton was sentenced to 360 months' imprisonment after pleading guilty to second-degree murder in violation of 18 U.S.C. § 1111. He appeals, arguing his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Yankton was indicted for first-degree murder and burglary. Pursuant to a written plea agreement, he pled guilty to second-degree murder. The Plea Agreement provides that

> the base offense level upon which the Defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2A1.2, is 38; it is further stipulated that pursuant to U.S.S.G. § 5K2.1, the offense level should be increased by five levels, in that the United States dismissed two counts of First Degree Murder, both of which carried mandatory life sentences. Additionally, the Defendant is entitled to a three-level reduction for acceptance of responsibility as discussed in paragraph F of this plea agreement. The parties therefore stipulate that the total offense level is 40.

The government agreed to recommend a sentence of imprisonment within the applicable Guidelines range. Yankton agreed not to request a sentence less than the range.

The district court[1] calculated a total offense level of 37—a base offense level of 38, *plus* a two-level enhancement for the victim's vulnerability, *less* a three-level reduction for acceptance of responsibility.

The government moved for a three-level upward departure, per the Agreement. Yankton agreed to a total offense level of 40, per the Agreement. The district court granted the motion and sentenced Yankton to 360 months' imprisonment. Given his Criminal History Category I and the total offense level 40, the Guidelines range was 292 to 365 months. The district court reviewed the violent nature of the crime, the defenseless nature of the victim, the need for community safety, and the need for

---

[1] The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

deterrence. The court considered the positive aspects of Yankton's life, including his lack of criminal history and acceptance of responsibility.

Yankton argues that his sentence is substantively unreasonable because it is longer than necessary under the parsimony clause of 18 U.S.C. § 3553(a). A sentence's unreasonableness is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). "[S]ubstantive appellate review in sentencing cases is narrow and deferential. As the case law . . . since *Gall* demonstrates, it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted).

Yankton voluntarily exposed himself to a specific Guidelines range. He is not permitted on appeal to challenge a sentence within that range. "'A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.'" *United States v. Jones*, 639 F.3d 484, 487 (8th Cir. 2011), *quoting United States v. Mickelson*, 433 F.3d 1050, 1055-56 (8th Cir. 2006). While Yankton did not completely waive his right to appeal his sentence in the Agreement, stipulation to a sentence within the Guidelines range is an acknowledgment that any sentence within the range is reasonable. *Mickelson*, 433 F.3d at 1056.

Moreover, even ignoring the stipulation, Yankton has failed to show that the sentence is substantively unreasonable. A Guidelines-range sentence enjoys a presumption of reasonableness on appeal. *Jones*, 639 F.3d at 487 (citations omitted). Yankton has not overcome this presumption. Contrary to his portrayal of the sentencing proceedings, the district court considered the statutory factors in making its decision, including Yankton's positive life factors and the out-of-character nature of the offense conduct. Yankton is not entitled to any specific sentence, but rather to "an individualized assessment based on the facts presented." *Gall,* 552 U.S. at 50.

-3-

The sentencing transcript shows the district court made an individualized assessment and adequately explained the chosen sentence.

Even without the presumption of reasonableness, Yankton's sentence is justified by the sentencing factors in 18 U.S.C. § 3553(a), all discussed by the district court. A sentence of 360 months for second-degree murder is not unreasonable under the facts and circumstances of this case.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____