# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2729

_____

United States of America

*Plaintiff - Appellee*

v.

James Paul Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: April 15, 2016
Filed: August 10, 2016
[Unpublished]

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and MOODY,[1] District
Judge.

_____

PER CURIAM.

James Paul Davis appeals from his sentence of 192 months imprisonment based
on his conviction for conspiracy to distribute 500 grams or more of a mixture or

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the
Eastern District of Arkansas, sitting by designation.

substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He argues that the district court[2] erred in considering Davis a career offender for sentencing purposes and thus imposing a substantively unreasonable sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Davis pled guilty. The United States Probation Office prepared and submitted a presentence report ("PSR") to the parties. The PSR concluded that Davis had a total offense level of 42 and nine criminal history points, primarily arising from three Iowa aggravated misdemeanor assaults. Thus, it concluded that Davis qualified as a career offender under United States Sentencing Guidelines §§ 4B1.1 and 4B1.2. Davis objected to the PSR's characterization of Davis as a career offender. In an effort to resolve objections to the PSR, the parties eventually stipulated that Davis was a career offender and agreed to the applicable Guidelines range for a defendant with an offense level 34 and a criminal history Category VI, 262 to 327 months. At sentencing, the district court confirmed the existence of the parties' agreement, and Davis requested a variance resulting in a sentence as close to the 120-month mandatory minimum as possible. The district court began its sentence calculation at 262 months, the bottom of the Guidelines range, applied a downward departure of twenty percent, and after reciting the 18 U.S.C. § 3553(a) factors and noting the seriousness of the offense and Davis's history and characteristics, the district court varied downward, resulting in a 192 month sentence.

Davis argues that the United States Sentencing Commission lacked the Congressional authority to re-define state misdemeanors as felonies, so he should not have been sentenced as a career offender.[3] However, Davis's argument is waived

---

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

[3]Davis does not argue that his prior Iowa misdemeanor convictions otherwise fail to meet the definition set forth in U.S.S.G. 4B1.2(a).

because he agreed to the sentence range and was in fact sentenced below that range. See United States v. Yankton, 734 F.3d 828, 829-30 (8th Cir. 2013) (per curiam); United States v. Jones, 639 F.3d 484, 487 (8th Cir. 2011); United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006) ("a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal"). In any event, we would reach the same conclusion in the absence of such an agreement. This court has examined this argument and concluded that "the Sentencing Commission acted well within its statutory authority in defining 'prior felony conviction' for purposes of the career offender Guidelines differently than 'violent felony' under the [Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)]." United States v. Coleman, 635 F.3d 380, 382 (8th Cir. 2011). Congress did not specify to the Sentencing Commission how it should define felony, leaving it free to define "prior felony conviction" as an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." Id. (quoting U.S.S.G. § 4B1.2, cmt. n.1).

Davis also argues that his sentence is substantively unreasonable, because the district court gave substantial weight to Davis's career offender status and thus failed to give adequate weight to the § 3553(a) factors. We review a sentence for substantive reasonableness under the abuse-of-discretion standard. Id. A sentence within or below the Guidelines range is presumed reasonable, id., and a party's stipulation to a sentence within that range is considered an acknowledgment that any sentence within that range is reasonable, Yankton, 734 F.3d at 829-830. Here, Davis agreed to a sentence within the 262-360 month range, and the district court departed downward by twenty percent. Then, after considering the § 3553(a) factors, the district court varied downward and imposed a sentence of 192 months. Davis's sentence is not substantively unreasonable. See United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) ("Where, as here, a district court has varied below the

Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." (internal quotation marks omitted)).  We affirm.

_____