# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1762
_____

United States of America

*Plaintiff - Appellee*

v.

Ulises Alvarado

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: March 15, 2021
Filed: June 25, 2021
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Ulises Alvarado pleaded guilty to failure to register as a sex offender, 18 U.S.C. § 2250(a), and was sentenced to 15 months in prison. He argues the district

court[1] abused its discretion in departing upward based on under-representation of his criminal history.  We affirm.

## I.

Alvarado had to register as a sex offender after two 1998 convictions for unlawful sexual conduct.  After he was arrested for failing to register in Iowa, he pleaded guilty to one count, and a Presentence Investigation Report was prepared. While Alvarado had a lengthy criminal history, many convictions were too remote to be counted.  The U.S. Probation Office assessed him a criminal history category I and a total offense level of 10, yielding a sentencing range of 6 to 12 months in prison.

The Government moved to depart upward under U.S.S.G. § 4A1.3(a) because the sentencing range under-represented the seriousness of Alvarado's criminal history and his likelihood of reoffending.  The Government asked for a criminal history VI, which would have resulted in a sentence between 24 and 30 months.  Alvarado resisted and urged the district court to weigh mitigating factors like his parents' divorce, his early exposure to alcohol, and the threat of the COVID-19 pandemic in prison.

The district court granted the Government's motion, but departed only to a criminal history category III and a sentencing range of 10 to 16 months.  The court imposed a sentence of 15 months with 5 years of supervised release, reasoning that Alvarado's criminal history, even if remote, was serious and recent enough to show that he continued to be a danger to the public and was likely to reoffend.  The court also weighed aggravating and mitigating factors under 18 U.S.C. § 3553(a).

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

Alvarado appeals, arguing that the district court abused its discretion in departing upwards. He also suggests the district court did not adequately explain its decision or appropriately weigh Alvarado's youth and the COVID-19 pandemic as mitigating factors.

## II.

We review a district court's decision to depart from the Guidelines for abuse of discretion. United States v. Vasquez, 552 F.3d 734, 738 (8th Cir. 2009). An upward departure from the criminal history category is permissible if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). District courts may consider "dated offenses . . . for purposes of an upward departure under § 4A1.3(a)(2)(A)." United States v. Cooke, 853 F.3d 464, 473 (8th Cir. 2017). A sentence within the advisory Guidelines range is presumptively reasonable. United States v. Jones, 639 F.3d 484, 488 (8th Cir. 2011) ("[T]he range following an upward departure under Guidelines § 4A1.3 for under-represented criminal history is the . . . advisory Guidelines range. And [it] enjoys the presumption of reasonableness.") (citation omitted).

The district court did not abuse its discretion in departing upward under § 4A1.3(a) and sentencing Alvarado to 15 months in prison. The court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). It carefully considered Alvarado's "lengthy and disturbing" criminal record— especially his 2019 threat to kill hospital workers while he was intoxicated and "evading or resisting or otherwise being aggressive with regard to law enforcement"—and found the underlying behavior posed a danger to the public and

indicated a likelihood of recidivism. D. Ct. Dkt. 50 at 29–30. It engaged in a full discussion of the § 3553(a) factors and acknowledged the adverse impact of Alvarado's parents' divorce and his early exposure to alcohol on his mental health. The district court also considered the pandemic and declined to hold a generalized threat to health justified a lower sentence. Alvarado's arguments in favor of these mitigating factors do not rebut the presumption of reasonableness. We find no error in the district court's consideration of Alvarado's criminal history or mitigating factors, or in its explanation of its decision.

III.

The judgment of the district court is affirmed.

_____