# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2520

———————————————

United States of America

*Plaintiff - Appellee*

v.

Herman Lee Ronnfeldt

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Eastern

——————————

Submitted: February 10, 2022
Filed: February 15, 2022
[Unpublished]

——————————

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Herman Ronnfeldt appeals the sentence the district court[1] imposed after he pled guilty to a drug offense. His counsel moved to withdraw and filed a brief under

———————————

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

*Anders v. California*, 386 U.S. 738 (1967), challenging the district court's decision to depart upward based on Ronnfeldt's criminal history and arguing the sentence is substantively unreasonable.

After careful review of the record, we conclude the district court did not abuse its discretion in departing upward. *See* U.S.S.G. § 4A1.3(a)(1) ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."); *United States v. King*, 627 F.3d 321, 323 (8th Cir. 2010) (standard of review). We also conclude the sentence is substantively reasonable. *See United States v. Brown*, 992 F.3d 665, 673 (8th Cir. 2021) (standard of review); *United States v. Jones*, 639 F.3d 484, 488 (8th Cir. 2011) (noting a sentence within the advisory United States Sentencing Guidelines Manual range, even one following a § 4A1.3 upward departure, enjoys presumption of reasonableness).

Further, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw and affirm.

_____