# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2725
_____

United States of America

*Plaintiff - Appellee*

v.

Willie Earl Alexander

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: January 14, 2013
Filed: March 15, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

While on supervised release as part of a federal sentence for conspiracy to commit bank fraud, Willie Alexander sexually molested his girlfriend's fourteen-year-old daughter. Alexander pleaded guilty in state court to criminal sexual conduct in the second degree and was sentenced to 60 months' imprisonment. The district

court[1] found Alexander in violation of his release conditions and sentenced him to 36 months' imprisonment to run consecutive to the state sentence. Alexander argues that the district court's imposition of a consecutive sentence was unreasonable.

Under 18 U.S.C. § 3584, the district court has the discretion to order that a revocation sentence be served concurrently or consecutively to a state court sentence on the basis of the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b) (sentencing court must consider § 3553(a) factors in determining whether to impose consecutive sentence); United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir. 1996) ("The decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court."). Moreover, consecutive sentences are called for under the Guidelines policy statements. See U.S.S.G. § 7B1.3(f) (term of imprisonment imposed upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment defendant is serving).

Alexander argues that the district court's imposition of a consecutive sentence is substantively unreasonable because it is greater than necessary to effectuate the sentencing goals of § 3553(a). Specifically, he contends that the district court gave insufficient weight to his argument that the sex offender treatment he would receive in state prison would decrease his likelihood of reoffending. At sentencing, the district court noted its long history with Alexander and expressed doubt that he would be responsive to treatment. The district court also cited the serious nature of Alexander's supervised release violation and stated, "You're one of the few people that I feel that should be incarcerated for the safety of the community." The district court's statements demonstrate that it gave significant weight to several of the factors under § 3553(a). See 18 U.S.C. § 3553(a)(1) and (a)(2)(B), (C) (court shall consider

_____

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

defendant's history and characteristics, need for sentence to deter defendant from criminal conduct, and need for sentence to protect public from future crimes by defendant). The district court was clearly aware of Alexander's argument that the treatment he would receive justified a lower sentence. Alexander's disagreement with the weight the district court gave his argument does not warrant reversal. See, e.g., United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011) ("Simply because the district court weighed the relevant factors more heavily than Richart would prefer does not mean the district court abused its discretion."). The district court's emphasis on certain § 3553(a) factors falls within the "wide latitude" it has to "assign some factors greater weight than others in determining an appropriate sentence[,]" United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009), and we find no abuse of discretion in its decision to make Alexander's sentence for violating supervised release consecutive to his state court sentence.

      The sentence is affirmed.

_____