# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2409

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jesus Manuel Martinez Rodriguez,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 10, 2012
Filed: May 28, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jesus Manuel Martinez Rodriguez pleaded guilty to one count of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1), and one count of failing to register as a sex offender, in violation of 18 U.S.C.

§ 2250. The district court[1] sentenced him to 40 months' imprisonment. Martinez appeals the district court's application of the advisory sentencing guidelines. We conclude that any error was harmless, and therefore affirm.

In 2006, in an Iowa state court, Martinez pleaded guilty to failure to register as a sex offender. Because Martinez was in the country illegally, he was removed to his native country of Mexico. By May 2011, Martinez had illegally returned to the United States and failed to update the Iowa sex offender registry. On May 4, 2011, he forced his way into the home of a 14-year-old girl, threw her to the ground, choked her, and raped her. Martinez pleaded guilty to third-degree sexual abuse in Iowa state court and was sentenced to ten years' imprisonment.

Martinez was serving the state sentence in July 2011 when a federal grand jury returned a two-count indictment charging him with reentering the country illegally and with failing to register as a sex offender. After Martinez pleaded guilty to both offenses, the district court correctly calculated an advisory guideline range of 33 to 41 months' imprisonment, based on a total offense level of 18 and criminal history category III. The total offense level reflected an eight-level increase under USSG § 2A3.5(b)(1), because "while in a failure to register status, the defendant committed . . . a sex offense against a minor"—that is, the act of sexual abuse that led to the state sentence. The district court sentenced Martinez to 40 months' imprisonment on each count, with the sentences to be served concurrently.

The remaining issue at sentencing was whether the federal sentences should run concurrently with, or consecutively to, Martinez's state sentence. As relevant here, the guidelines provide as follows regarding undischarged terms of imprisonment:

---

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense . . . *the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.*

USSG § 5G1.3(b) (emphasis added). The probation office recommended crediting Martinez with the time he had served on the state sentence and running Martinez's federal sentences concurrently with the remainder of the state sentence based on § 5G1.3(b). The district court disagreed, stating that the eight-level increase that Martinez received for sexual abuse was a "specific offense characteristic[]," but "not relevant conduct" to the federal registration offense. S. Tr. 5. The court ordered that 25 months of the 40-month federal sentences run consecutively to the state sentence. When Martinez's counsel asked whether the court was varying from § 5G1.3, the court responded: "I don't think that's a variance, but I recognize that it's discretionary with the Court, and I don't believe that a concurrent sentence here—completely concurrent sentence produces a sentence that is sufficient, but not greater than necessary." S. Tr. 13.

On appeal, Martinez contends that the district court committed a procedural error by declining to treat his sexual abuse of a minor as relevant conduct to the registration offense. Martinez points out that his state offense counted as an eight-level specific offense characteristic for the instant registration offense, *see* USSG § 2A3.5(b)(1)(C), and that specific offense characteristics typically are determined based on relevant conduct. *See* USSG § 1B1.3(a); *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1172 (9th Cir. 2009). *But cf.* USSG § 5G1.3, comment. (n.2(B)). It also may be relevant that failure to register has been held by some courts to be a continuing offense, *see United States v. Pietrantonio*, 637 F.3d 865, 870 (8th Cir. 2011), and that Martinez committed the state offense during the period when he failed

-3-

to register. *See* USSG § 1B1.3(a)(1) (defining relevant conduct as including acts committed "during the commission of the offense of conviction"). If the state offense was relevant conduct to the instant offense of failure to register, then Martinez says it follows that § 5G1.3(b) recommends that his federal sentences run concurrently with his state sentence. He complains that the district court erred by failing to recognize that it varied from the advisory sentence when it imposed partially consecutive sentences.

The appeal raises some complicated issues under the sentencing guidelines. But even if we accept for the sake of analysis Martinez's contention that the district court erred in determining that § 5G1.3(b) was not applicable, a procedural error under the advisory guidelines is harmless if the error did not substantially influence the outcome of the sentencing proceeding. *United States v. Henson*, 550 F.3d 739, 741 (8th Cir. 2008). Section 5G1.3(b), where applicable, is merely advisory, and the district court retains statutory authority to impose a partially consecutive sentence. *See* 18 U.S.C. § 3584; *United States v. Lone Fight*, 625 F.3d 523, 525-26 (8th Cir. 2010).

We are convinced that the district court would have imposed the same sentence, whether or not it believed that § 5G1.3(b) applied. After announcing its decision, the court explained that:

> *regardless of how the guidelines were resolved today*, the Court would have imposed the same sentence. The guidelines were just one of the 3553(a) factors that the Court considered. *In imposing the sentence, the Court considered the need for significant consecutive time* to address what the Court considers to be guidelines that are relatively lenient, given the aggravated sentencing factors present in this case.

S. Tr. 11-12 (emphases added).  The court elaborated that although it did not think the decision constituted a variance from the advisory guidelines, the court did not believe that a "completely concurrent sentence produces a sentence that is sufficient, but not greater than necessary." *Id*. at 13.

This explanation demonstrates that even if the advisory guidelines suggested concurrent sentences, the district court would have rejected that advice, because it thought there was a need for "significant consecutive time" to make the total sentence "sufficient."  The court had discretion under the governing statute to make the sentences partially consecutive, and the record reflects that it would have exercised its discretion to impose the same sentence regardless of how it interpreted the guidelines concerning relevant conduct and undischarged terms of imprisonment.

The judgment of the district court is affirmed.

_____