# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2094

_____

United States of America

*Plaintiff - Appellee*

v.

Tyvion Wanye Benson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 9, 2018
Filed: May 1, 2018

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Tyvion Wanye Benson pled guilty to conspiracy to violate 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), in violation of 18 U.S.C. § 371. The district court[1] sentenced him to 54 months' imprisonment to run consecutively to a

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

related, undischarged state sentence. Benson appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

At the time of sentencing, Benson was serving a 60-month state sentence for possessing a firearm. The state conviction arose from the same conduct as the federal offense. In the plea for the federal offense, the parties agreed to recommend the statutory maximum of 60 months. They also recognized that the district court would decide whether to credit Benson for time served for his related state sentence.

In his sentencing memorandum, Benson requested that his federal sentence run concurrently with the remainder of his undischarged state sentence. At sentencing, he did not renew this request. However, he did request credit for time served for his state sentence. The district court gave him partial credit for time served (6 months). It sentenced him to 54 months to run consecutively to the undischarged portion of his state sentence (19 months). Benson did not object. He now appeals.

Benson believes his federal sentence should run concurrently to his undischarged state sentence. This court reviews "a district court's decision to impose a consecutive or concurrent sentence for reasonableness." *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008).[2]

---

[2]The government argues this court should review for plain error because Benson did not object to the consecutive sentence at sentencing. In *United States v. Poe*, this court applied plain error review because the defendant "did not raise this issue before the district court *at sentencing*." *Poe*, 764 F.3d 914, 916 (8th Cir. 2014) (emphasis added). *See United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003) (applying plain error review where defendant did not "object *at sentencing*") (emphasis added). But, in *United States v Naranjo*, this court applied plain error review because the defendant failed to raise the issue "either in the sentencing memoranda or at sentencing." *Naranjo*, 459 Fed. Appx. 579, 580 (8th Cir. 2012). Here, the issue is further complicated by the fact that Benson did not object to a consecutive sentence in his sentencing memorandum. Rather, he only requested a

A district court may order a federal sentence consecutive to an undischarged state sentence. **18 U.S.C. § 3584(a)** ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."). *See Setser v. United States*, 566 U.S. 231, 244 (2012) (holding section 3584 applies to state sentences). If unspecified, "[m]ultiple terms of imprisonment imposed at different times run consecutively." **18 U.S.C. § 3584(a)**. In determining whether sentences run concurrently or consecutively, district court "shall consider . . . the factors set forth in section 3553(a)." **18 U.S.C. § 3584(b)**.

Benson believes the district court failed to consider the § 3553(a) factors in imposing a consecutive sentence. This belief has no merit. The district court said: "This sentence of 54 months, which will be consecutive to the state sentence, I do find to comply with statutory objectives. I think it's sufficient but not more than necessary to accomplish the objectives of justice." It thus considered the § 3553(a) factors and explained that a consecutive sentence was necessary "to accomplish the objectives of justice." *See McDonald*, 521 F.3d at 980 (holding the district court was "well within its broad discretion" in ordering consecutive sentences where the district court said the sentence was appropriate "under the advisory [G]uidelines" and it "considered all the other statutory factors").

Benson argues the consecutive sentence violates U.S.S.G. § 5G1.3(b)(2) which says that when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall . . . run concurrently to the remainder of the undischarged term of

---

concurrent sentence. This court need not decide the issue here.

imprisonment." **U.S.S.G. § 5G1.3(b)(2)**. But the guidelines are advisory, and section 5G1.3(b)(2) does not prohibit the district court from exercising its statutory authority to impose a consecutive sentence. *United States v. Martinez Rodriguez*, 508 Fed. Appx. 573, 575 (8th Cir. 2013) ("Section 5G1.3(b) . . . is merely advisory, and the district court retains statutory authority to impose a partially consecutive sentence."), *citing* **18 U.S.C. § 3584**; *United States v. Lone Fight*, 625 F.3d 523, 525-26 (8th Cir. 2010) ("Even if the guidelines do not recommend that sentences run consecutively, the district court has broad statutory authority, pursuant to 18 U.S.C. § 3584, to impose consecutive terms.").

For the first time in his reply, Benson argues the sentence was substantively unreasonable. This argument is waived. *Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("This court does not consider issues raised for the first time on appeal in a reply brief unless the appellant gives some reason for failing to raise and brief the issue in his opening brief.") (internal quotation marks omitted).

The district court's decision to impose a consecutive sentence was reasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____