# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2971

_____

United States of America

*Plaintiff - Appellee*

v.

Jim R. Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 28, 2018
Filed: October 5, 2018
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jim Harris pleaded guilty to Hobbs Act robbery and two firearms charges in 2011, initially received a sentence enhanced under the Armed Career Criminal Act, and was later granted 28 U.S.C. § 2255 relief and resentenced based on Johnson v.

United States, 135 S. Ct. 2551 (2015). Proceeding pro se, he appeals the new sentence imposed by the district court.[1] We affirm.

Harris challenges the district court's decision to impose his federal sentence consecutively to an undischarged state sentence he is serving for assault. Even assuming the district court had authority at resentencing to impose a concurrent sentence, but see 18 U.S.C. § 924(c)(1)(D) (no prison term imposed for, inter alia, possession of firearm in furtherance of crime of violence shall run concurrently with any other term of imprisonment); United States v. Gonzales, 520 U.S. 1, 5, 11 (1997), we reject this challenge. The Guidelines provided that the district court had discretion to impose a consecutive sentence because the assault was not relevant conduct to Harris's federal offenses, given that he committed the assault three weeks later at a different location. See U.S.S.G. § 5G1.3(b)(2) (if defendant is subject to undischarged prison term that resulted from another offense that is relevant conduct to instant offense, sentence for instant offense shall run concurrently to remainder of undischarged prison term), (d) (if, inter alia, § 5G1.3(b)(2) does not apply, court may run sentence for instant offense concurrently, partially concurrently, or consecutively to remainder of undischarged prison term); United States v. Hernandez, 712 F.3d 407, 409 (8th Cir. 2013) (discussing factors considered in determining whether offense is relevant conduct). The district court's decision to order that Harris serve his federal sentence consecutively with his state sentence was not unreasonable, as the district court considered the 18 U.S.C. § 3553(a) factors, specifically discussing the seriousness of Harris's crimes, criminal history, and efforts at rehabilitation. See United States v. Benson, 888 F.3d 1017, 1019 (8th Cir. 2018) (standard of review; when deciding whether to impose sentence concurrently or consecutively, district court must consider § 3553(a) factors).

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Harris also challenges the district court's assessment of two criminal history points under U.S.S.G. § 4A1.1(d). We conclude the district court did not plainly err in adding these criminal history points, because Harris did not object to the resentencing report, which reflected that he was on parole when he committed the instant offenses, and the points did not affect his Guidelines range. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (under plain-error review, defendant must show, inter alia, that alleged error affected his substantial rights, which ordinarily means "a reasonable probability that, but for the error, the outcome of the proceeding would have been different").

In his remaining arguments, Harris contends that the district court breached his plea agreement in the assault case that provided he would serve his state and federal sentences concurrently, suggests that the government violated his due process rights in proceedings prior to his guilty plea, and claims that he received ineffective assistance of counsel. We reject the claim based on Harris's plea agreement in the state case, as the district court was not bound by the agreement. See United States v. Sackinger, 704 F.2d 29, 32 (2d Cir. 1983) (absent participation of federal authorities in state plea bargain, federal court is not bound by terms of plea agreement between defendant and state authorities). We conclude that the government-misconduct claim does not warrant relief. Cf. United States v. Boyce, 564 F.3d 911, 918 (8th Cir. 2009) (discussing requirements for due process claim based on government misconduct at resentencing). Finally, we decline to consider the ineffective-assistance-of-counsel claim in this direct appeal. See United States v. Soriano-Hernandez, 310 F.3d 1099, 1105 (8th Cir. 2002) (ineffective assistance of counsel is generally not basis for direct appeal and instead should be properly raised in § 2255 action).

_____