# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1186

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Scott Wickman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 16, 2020
Filed: February 25, 2021

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Gregory Wickman pled guilty to one count of possession of methamphetamine with the intent to distribute and was sentenced to 192 months imprisonment—a downward variance from his advisory guidelines range, per the United States Sentencing Guidelines, of 235-293 months imprisonment. He now

contends that his sentence is substantively unreasonable. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court.[1]

## I.

In 2019, Minnesota law enforcement relied on a confidential informant to make a controlled purchase of 23 grams of methamphetamine from Wickman. Three days later, officers conducted a traffic stop of Wickman and seized 238 grams of methamphetamine, a loaded pistol, and $5,751 in cash. Pursuant to a search warrant, officers searched Wickman's house and recovered 230.53 grams of methamphetamine, 3 loaded guns (1 loaded pistol; 1 loaded handgun; and 1 loaded revolver), 1 unloaded assault rifle, ammunition, a digital scale, marijuana oil, and $6,430 in cash. Wickman was arrested and released pending further investigation. Approximately two weeks after Wickman's release, officers noticed an idling vehicle and approached it. Wickman was the driver, and an unloaded assault rifle was in plain view on the vehicle's seat. Officers arrested Wickman and, after searching the vehicle, seized the rifle, a loaded semiautomatic handgun, 4 firearm magazines, ammunition, 217.96 grams of methamphetamine, and $4,000 in cash. Upon his arrest, Wickman told the officers that he had received the firearms as payment for a half pound of methamphetamine.

Wickman pled guilty to one count of possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At sentencing, the district court advised that it did not presume that the Guidelines range is binding but instead had considered all factors outlined in 18 U.S.C. § 3553(a). It noted that the circumstances of the offense—i.e., the large amount of methamphetamine, firearms (many of which were loaded), and ammunition—were quite serious. It further noted that Wickman's past convictions (and subsequent sentences) had not deterred him; that, while on supervised release for those past

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

convictions, Wickman had violated the terms of his release on multiple occasions; and that, in the instant case, Wickman was arrested for a second time (on February 5, 2019) only days after his first arrest (on January 25, 2019). The district court did express sympathy for Wickman, characterizing his life as one that had been "ravaged by his methamphetamine and other drug addictions" before also noting that, "Mr. Wickman has been given help and support in this area, including in connection with earlier more lenient sentences, but that sobriety has eluded him." R. Doc. 83, at 33. Ultimately, the district court varied downward from Wickman's Guidelines range of 235 to 293 months imprisonment and imposed a sentence of 192 months imprisonment.

## II.

Wickman now appeals, arguing that his sentence is substantively unreasonable. Specifically, he contends that the sentence is longer than necessary and that sentencing disparities will result. We disagree.

"We review substantive reasonableness for an abuse of discretion, 'tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Anderson, 664 F.3d 758, 764 (8th Cir. 2012) (alteration in original) (citation omitted). "[W]here a district court has sentenced a defendant below the advisory [G]uidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir. 2011) (first alteration in original) (citation omitted); see also United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when [this Court] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable."). Further, district courts have "wide latitude" in weighing the § 3553(a) factors and assigning weight to each of those factors. United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). A defendant's dissatisfaction with a district court's balancing of the § 3553(a) factors

does not indicate that the district court abused its discretion. United States v. Ruiz-Salazar, 785 F.3d 1270, 1273 (8th Cir. 2015) (per curiam).

Here, the district court varied downward after engaging in a measured and thoughtful discussion of the Guidelines and their applicability to Wickman's offense and personal circumstances. It expressly noted that the Guidelines range is merely a "starting point." R. Doc. 83, at 31. The district court then carefully considered the applicable § 3553(a) factors and explained that it had fashioned a sentence that is "sufficient but not greater than necessary." R. Doc. 83, at 32. In explaining the sentence, the district court highlighted the quantity of drugs involved; Wickman's possession of seven firearms (five of which were loaded); Wickman's use of those firearms to further his drug crime; Wickman's two arrests in a two-week span; and Wickman's extensive criminal history, which includes 15 felony convictions between the ages of 16 to 27. Wickman's dissatisfaction with the district court's balancing of the § 3553(a) factors does not entitle him to a finding that the district court abused its discretion. Ruiz-Salazar, 785 F.3d at 1273. We conclude that this is not the rare case where the district court abused its discretion in imposing a below-Guidelines range sentence. See McKanry, 628 F.3d at 1022.

Wickman also proffers a policy rationale in arguing that the district court abused its discretion. Specifically, his position is that the Guidelines provisions for *pure* methamphetamine, as compared to those for methamphetamine *mixtures*, create a sentencing disparity between similarly situated defendants. He contends that judges for the District of Minnesota have recognized this disparity (and have sought to alleviate it) by sentencing defendants convicted of possessing pure methamphetamine similarly to those convicted of possessing methamphetamine mixtures. Thus, Wickman argues that here the district court erred by not granting a variance "based on a disagreement with a policy of the sentencing guidelines." Appellant Br. 11. However, it is not our "proper appellate role" to compel a district court to diverge from the Guidelines in accordance with a defendant's proffered policy reasons. See United States v. Heim, 941 F.3d 338, 340-41 (8th Cir. 2019) ("We have consistently held that, 'while a district court may choose to deviate from

the [G]uidelines because of a policy disagreement,' it is 'not required to do so.'" (citation omitted)). Therefore, finding no abuse of discretion, we conclude that Wickman's 192-month sentence was substantively reasonable.

## III.

For the reasons stated above, we affirm the district court.

_____