# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3664
_____

United States of America

*Plaintiff - Appellee*

v.

Ozzie L. Palen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: September 19, 2023
Filed: November 20, 2023
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Ozzie Palen challenges the substantive reasonableness of the 24-month sentence that the district court[1] imposed upon revoking his supervised release. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

In February 2020, Palen pled guilty to escaping from federal custody, in violation of 18 U.S.C. § 751(a), and was sentenced to 30 months' imprisonment with 3 years of supervised release to follow. Less than one month after commencing supervised release, Palen was charged in Iowa state court with felony attempted murder, assault with a dangerous weapon, and willful injury. He pled guilty to willful injury, and the state court sentenced him to ten years' imprisonment, stating its intent that any federal sentence stemming from the conviction should run concurrently with the state sentence pursuant to Palen's plea agreement. Based on these charges, the Government sought to revoke Palen's supervised release.

At his revocation hearing, Palen admitted that the underlying offense violated a release condition, and both parties agreed that the 12-month sentence recommended by the United States Probation Office was appropriate. Palen, however, requested that the revocation sentence run concurrently with his state sentence, while the Government asked that it run consecutively. The district court ultimately sentenced Palen to 24 months' imprisonment—the statutory maximum under 18 U.S.C. § 3583(e)(3)—and 12 months of supervised release. An explanation for the sentence was provided:

> In crafting this disposition, I have considered all of the factors outlined—referenced in 18 U.S.C. Section 3583(e), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing disparities, and the specific history and characteristics of the defendant. The Court has also considered the nature of the violation. The Court further notes that the defendant committed the violation within the first few months of his supervised release.

The district court further ordered the sentence to run consecutively to Palen's state sentence under United States Sentencing Guideline (USSG) § 7B1.3(f), remarking that the state court's recommendation in the underlying sentencing proceeding was "rather odd" and questioning whether the state court "ha[d] any authority to . . . make that decision."

-2-

On appeal, Palen asserts that his sentence is substantively unreasonable, first arguing that the district court made a clear error of judgment in weighing the relevant sentencing factors under 18 U.S.C. § 3553(a). "We apply the same abuse-of-discretion standard of review to a district court's revocation sentencing decision that we apply to initial sentencing decisions." United States v. Valure, 835 F.3d 789, 790 (8th Cir. 2016). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miller, 34 F.4th 663, 665 (8th Cir. 2022) (citation omitted).

Palen specifically contends that the district court placed undue weight on the nature of the underlying offense and thus punished him for his state-court conviction rather than for violating a condition of supervised release. See USSG Ch.7, Pt.A, intro. comment. 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). But the record does not reveal that the district court relied on the seriousness of Palen's conviction for willful injury beyond "a limited degree" or sought to punish him for the underlying conduct. The district court rather observed the haste with which Palen violated his supervised release, indicating that the revocation sentence, which was to run consecutively to the state sentence, was intended to sanction Palen's breach of trust inherent in the conditions of supervision. Cf. United States v. Short, 798 F. App'x 46, 47 (8th Cir. 2020) (per curiam) (rejecting the same argument and noting that "the federal system has an independent interest of what the state courts do" to punish defendants for violating their conditions of supervised release); see also USSG Ch.7, Pt.A, intro. comment. 3(b) (noting that because "the court with jurisdiction over the criminal conduct leading to revocation is the more appropriate body to impose punishment for that new criminal conduct . . . the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct").

Palen next contends that the district court failed to adequately weigh his need for rehabilitation when imposing a consecutive sentence because the federal detainer that accompanies such a sentence will inhibit his ability to participate in vocational programs while in state prison. The case that Palen cites in support, United States v. Dovalina, does not support his claim. 711 F.2d 737, 739-40 (5th Cir. 1983) ("[T]here is nothing about a federal sentence consecutive to a state sentence, or about a federal detainer, which has any legal effect whatever on the decision of state authorities to place a state prisoner in one or another state program." (citation omitted)). But even if Palen's contention is accurate, a district court has wide latitude under § 3553(a) to lend more weight to some sentencing factors than it does to others. United States v. Wickman, 988 F.3d 1065, 1067 (8th Cir. 2021). To this end, a district court is not required to mechanically recite the § 3553(a) factors, nor is it obligated to make specific factual findings for each factor that it references. United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (alteration in original) (citation omitted).

Here, the district court stated that it had considered all of the § 3553(a) factors referenced in § 3583(e) and then offered a non-exhaustive list of these factors. Moreover, the judge who presided over Palen's revocation hearing also imposed his initial sentence, further evincing the district court's awareness of the relevant sentencing factors as they applied to Palen, including the need for rehabilitation. See id. at 918. "A defendant's dissatisfaction with a district court's balancing of the § 3553(a) factors does not indicate that the district court abused its discretion." Wickman, 988 F.3d at 1067 (citation omitted). Palen voices nothing more than his dissatisfaction with how the district court balanced the relevant sentencing factors; his argument is therefore unavailing.

Palen finally argues that the district court abused its discretion in imposing a consecutive sentence by failing to consider whether the state sentence was sufficient to satisfy the federal sentencing goals enumerated in § 3553(a). 18 U.S.C. § 3584(a)

provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively," provided that the district court considers the § 3553(a) factors when making its determination. United States v. Becker, 636 F.3d 402, 408 (8th Cir. 2011) (noting the discretion that a district court has under § 3584 to impose a concurrent or consecutive sentence). This statute extends to revocation sentences, including those ordered to run consecutively to an undischarged state sentence. United States v. Alexander, 500 F. App'x 547, 547 (8th Cir. 2013) (per curiam); see also United States v. Benson, 888 F.3d 1017, 1019 (8th Cir. 2018); United States v. Cotroneo, 89 F.3d 510, 512-13 (8th Cir. 1996). USSG § 7B1.3(f) further advises that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."

The record demonstrates that the district court considered the § 3553(a) factors as referenced in § 3583(e) and relied on USSG § 7B1.3(f) when it fashioned a consecutive sentence. See United States v. Rutherford, 599 F.3d 817, 822 (8th Cir. 2010) (finding that the district court comported with § 3584 by discussing the § 3553(a) factors despite "completely omit[ing] a discussion of § 3584 in making its sentencing decision"). And while the district court did not elaborate on most of the factors cited, it had no obligation to do so. Franklin, 397 F.3d at 606 (rejecting the appellant's abuse-of-discretion argument because consideration of the § 3553(a) factors could be "inferred from the record," including through arguments from counsel).

As to Palen's claim that the district court erred in failing to attribute "significant weight" to the Iowa state court's recommendation that any federal sentence should run concurrently with his state sentence, Palen acknowledged at the revocation hearing and in his brief that the state court's remarks had no binding effect on the district court. See United States v. Mathis, 451 F.3d 939, 942 (8th Cir. 2006) (finding the district court's imposition of a consecutive sentence reasonable despite the state court's intent for the sentence to run concurrently). The district

court did not abuse its discretion in ordering Palen's revocation sentence to run consecutively to his state sentence.

After careful review of the record, we are satisfied that the district court adequately considered the § 3553(a) factors, committed no abuse of discretion in weighing those factors, and ultimately imposed a substantively reasonable sentence.

The judgment of the district court is affirmed.

_____