# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1812
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathon Bryant, originally named Jonathan Henry Bryant

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 17, 2025
Filed: May 8, 2025
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jonathon Bryant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and, in a separate case, conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 & 1349. The cases were consolidated

for sentencing and the district court[1] sentenced him to a term of 55 months' imprisonment on the firearm offense and a consecutive 41 months on the bank fraud conspiracy. Bryant contends the district court abused its discretion when it did not group his offenses under the Sentencing Guidelines and impose a single sentence. We affirm.

As part of Bryant's state sentence for felony drug possession, Bryant signed a search waiver. In March 2021, State authorities searched Bryant's home and discovered drug paraphernalia, rifles, and a loaded pistol. Bryant was arrested and transported to a county detention facility. When the officers arrived at the facility, a routine inspection of the patrol car's back seat revealed a handgun. In December 2021, a grand jury indicted Bryant on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Eight months later, Bryant was indicted for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 & 1349, and wire fraud, in violation of 18 U.S.C. § 1343. In that case, Bryant participated in a scheme to defraud Bank of America. The Bank issued California unemployment debit cards and processed transactions through contracted customer service companies. A claims processor at one company was authorized to grant provisional credit for disputed transactions. That employee exploited her authority by adding funds to unemployment cards, reissuing cards, and removing fraud blocks. These actions made funds available to Bryant and other conspirators for ATM withdrawals.

Bryant entered guilty pleas in each of the separate cases. He first entered an open plea to the firearm charge on October 18, 2023. He then pled guilty before a different judge pursuant to a plea agreement in the bank fraud case on February 15, 2024. The plea agreement contained a Sentencing Guidelines calculation and an

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

appeal waiver covering non-jurisdictional issues. After entry of this plea, the cases were consolidated for sentencing.

The United States Pretrial and Probation Office prepared a presentence investigation report ("PSIR") in anticipation of sentencing. With a criminal history category of III, the Sentencing Guidelines range for the firearm offense was 46 to 57 months. The Sentencing Guidelines range for the bank fraud offense was 41 to 51 months. And if the two offenses were grouped, the sentencing range was 57 to 71 months. Two defense lawyers and two prosecutors appeared at the sentencing hearing and made arguments as to the appropriate sentence that should be imposed in their case. Ultimately, the district court sentenced Bryant to 55 months for the firearm offense and 41 months for the bank fraud conspiracy, for a total imprisonment term of 96 months.

In this appeal, Bryant challenges the imposition of consecutive sentences and contends the district court should have grouped the offenses under U.S.S.G. § 3D1.4 and imposed a single sentence. We review the district court's application of the Sentencing Guidelines for abuse of discretion. United States v. Benson, 888 F.3d 1017, 1019 (8th Cir. 2018).

Bryant contends the district court abused its discretion when it declined to impose a single sentence based on the grouped offense level in the PSIR. Grouping allows a sentencing court to calculate combined offense levels for all counts, whether in one indictment or in cases consolidated for sentencing. U.S.S.G. § 3D1.4 & intro cmt. The court then may impose one sentence for multiple convictions. However, nothing requires the sentencing court to group offenses as the Sentencing Guidelines remain advisory, United States v. Washington, 515 F.3d 861, 865 (8th Cir. 2008), and the Sentencing Guidelines commentary binds courts only when the text compels the commentary's interpretation. United States v. Perkins, 52 F.4th 742, 744 (8th Cir. 2022) (citation omitted). Because § 3D1.4 does not bind the district court, the court had discretion to impose separate sentences for Bryant's convictions.

Here, the court was not required to and did not abuse its discretion when it declined to impose a single sentence. The court noted they were separate, unrelated offenses. Separate lawyers in each case appeared at the sentencing hearing. The court explained that after considering the facts and circumstances of each offense, the appropriate sentence for Bryant's unlawful conduct was 96 months. The court deemed the firearm offense "a guidelines case" but indicated it probably would have given Bryant more time on the bank fraud case if it had not been consolidated. The court reasoned that Bryant engaged in bank fraud after he was found in possession of firearms. Despite the aggravating factor, the court took into account the terms of the plea agreement in the bank fraud case and apportioned 41 of the 96 months to the bank fraud and 55 of the 96 months to the firearm offense, resulting in a within-Guidelines range for each offense. On this record, we find no abuse of the district court's wide sentencing discretion in declining to impose a single sentence within the grouped Guidelines range for Bryant's unrelated offenses.

We affirm the judgment of the district court.

_____